**Lois B. LYON, Appellant,**

*v.*

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1496.**

United States Court of Veterans Appeals.

Oct. 22, 1993.

508

William G. Smith, Los Angeles, CA, was on the pleadings, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

MANKIN, Judge:

The appellant, Lois B. Lyon, widow of veteran Paul R. Lyon, appeals the May 14, 1991, Board of Veterans' Appeals (BVA) decision which denied entitlement to service connection for the cause of the veteran's death. The Secretary filed a motion for summary affirmance. The appellant contends that she is entitled to a remand on the issue of the applicability of 38 U.S.C.A. § 1318(b) (West 1991). We dismiss this appeal for lack of jurisdiction.

## I. FACTUAL BACKGROUND

The veteran was on active duty in the United States Navy from February 5, 1945, to July 20, 1946, from February 10, 1949, to July 19, 1950, and from April 11, 1951, to November 19, 1961. On December 29, 1959, the veteran was involved in an automobile accident in which he sustained a severe head injury and was diagnosed with a "FRACTURE, SIMPLE, N.E.C., Skull with Left Optic Nerve Involvement." This accident, which was determined to have been incurred in the line of duty, resulted in blindness in the veteran's left eye. A September 1966 rating decision, noting that he was employed full time, granted the veteran service connection for chronic brain syndrome with brain trauma and for blindness of the left eye, respectively evaluated as 10% and 30% disabling, for a combined rating of 40% disabled. An October 1966 letter to the veteran from the Department of the Navy informed him that by reason of his permanent physical disability he was rated at 80% disabled for the purpose of receiving retired pay and was placed on the "Retired List." In July 1972, a Veterans' Administration (now Department of Veterans Affairs) (VA) hospital summary report by Dr. R.T. Scott, who rendered psychiatric services to the veteran, stated that the veteran may be "considered totally and permanently disabled for disability purposes." In September 1972, the VA Regional Office (RO) confirmed the rating decision of September 1966.

On November 10, 1986, the veteran was admitted to the emergency room of Anaheim General Hospital, and the impression given by the attending physician, Dr. N. Devaraj, was "probable acute inferior wall myocardial infarction with post infarction

angina." The veteran died six days later on November 16, 1986, and the death certificate listed the cause of death as cardiorespiratory arrest due to acute myocardial infarction. No autopsy was performed. At the time of his death, the veteran was still rated 40% for his service-connected disabilities.

The appellant's initial claim for death benefits was received by the VA on December 17, 1986. An April 1987 rating decision denied service connection for the cause of veteran's death stating that "the cause of death was not shown in service nor within the presumptive period." The appellant filed a Notice of Disagreement (NOD) with respect to this rating decision in October 1987. On November 21, 1989, the BVA issued a decision denying entitlement to service connection for the cause of veteran's death. In October 1990, the appellant submitted a forty-five page letter which summarized in great detail the veteran's history. On January 30, 1991, the BVA vacated its November 1989 decision after it was discovered that the appellant had made two requests for a personal hearing which had been ignored. On May 14, 1991, the BVA issued a decision which denied the appellant entitlement to service connection for the cause of the veteran's death.

## · II. ANALYSIS

█ In order for this Court to have jurisdiction over a claim on appeal from an adverse BVA decision, a claimant or his or her representative must have filed with the RO a valid NOD with respect to that claim on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)) (VJRA § 402); *see Hamilton v. Brown*, 4 Vet.App. 528, 531 (1993) (en banc). There can only be one valid NOD as to a particular claim until a final RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant. *Hamilton*, 4 Vet.App. at 538.

█ On review of the record on appeal in this case, the original rating decision on the issue of service connection for the cause of the veteran's death was issued in April 1987. An NOD was filed to that decision in October 1987. Therefore, under *Hamilton*, there is no jurisdictionally valid NOD on or after November 18, 1988. However, in response to the Court's order dated May 12, 1993, to show cause why this appeal should not be dismissed for lack of jurisdiction, the appellant argued that she made two distinct claims in her appeal: (1) a claim for dependency and indemnity compensation (DIC) under 38 U.S.C.A. § 1310 (West 1991) and (2) an alternative claim for DIC compensation under 38 U.S.C.A. § 1318(b) (West 1991). The appellant concedes that the Court lacks jurisdiction over the 38 U.S.C.A. § 1310 claim since the NOD was filed in October 1987. However, the appellant contends that the October 1987 NOD does not apply to the 38 U.S.C.A. § 1318(b) claim since this claim was raised for the first time in the appellant's lengthy letter dated October 1990. Thus, the appellant argues, "any notice of disagreement with respect to a claim for benefits under 38 U.S.C. § 1318(b) necessarily was filed on or after November 18, 1988." Appellant's Response at 2.

However, there is no evidence in the record that an NOD was ever filed with respect to the appellant's alternative claim for DIC compensation under 38 U.S.C.A. § 1318(b). To be valid, an NOD must be a "written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result." 38 C.F.R. § 20.201 (1992); *Hamilton*, 4 Vet.App. at 531. The NOD must be filed within one year from the date of mailing of notice of the result of initial review and determination by the RO. 38 U.S.C.A. § 7105(a) (West 1991); 38 C.F.R. § 20.-302(a) (1992). Therefore, to initiate review by the BVA and the Court, the appellant is required to file an NOD as to an adjudication of her 38 U.S.C.A. § 1318(b) claim. The only potential NOD in this case consists of the appellant's letter dated October 1990. However, this letter could not express disagreement with an adjudication of

the appellant's 38 U.S.C.A. § 1318(b) claim as there has never been an adjudication of this claim; thus the letter is not an NOD. *See Cates v. Brown,* 5 Vet.App. 399, 400 (1993); 38 C.F.R. § 20.201 (1992); *Hamilton,* 4 Vet.App. at 531. Therefore, since the October 1987 NOD is invalid under *Hamilton,* and since there has been no NOD filed with respect to the appellant's new claim, this Court is without jurisdiction over this appeal.

### III. CONCLUSION

The appeal is DISMISSED for lack of jurisdiction. However, we note that this dismissal is without prejudice to any future adjudications or BVA decisions on the applicability of 38 U.S.C.A. § 1318 to the appellant's claim for DIC benefits.