**Thuan L. HASTY, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 98–1511.**

United States Court of Appeals for Veterans Claims.

Dec. 9, 1999.

Kenneth B. Mason was on the brief for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Edward V. Cassidy, Jr., were on the brief for the appellee.

Before KRAMER, HOLDAWAY, and IVERS, Judges.

HOLDAWAY, Judge, filed the opinion of the Court. KRAMER, Judge, filed a concurring opinion.

HOLDAWAY, Judge:

The appellant, Thuan L. Hasty, appeals a June 1998 decision of the Board of Veterans' Appeals (BVA or Board) which found that her claim for dependency and indemnity compensation (DIC) was not well grounded. Both parties have filed briefs. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

The veteran, Donald L. Hasty, served on active duty in the U.S. Army from January 1953 to March 1973, including service in Vietnam. His service medical records indicated that he was treated for several conditions during military service, but none relevant to this appeal. Physical and radiographic examinations dated October 1977 reflected that he suffered from asymptomatic rheumatoid arthritis but did not find any unusual "masses, tenderness[,] or organomegaly." In December 1977, the veteran was granted service connection for rheumatoid arthritis and residuals of a tonsillectomy and was assigned a noncompensable disability rating for both conditions.

In October 1994, the veteran filed a claim for compensation for "metastatic adenocarcinoma" which he believed was caused by his exposure to herbicides in Vietnam. Before a VA medical examination could be scheduled, the veteran died in November 1994. His death certificate stated that he died of cardiac arrhythmia as a result of arteriosclerotic heart disease and "metastatic carcinoma of unknown primary [location]."

Later that month, the appellant, as the veteran's surviving spouse, filed a claim for DIC. She contended that her husband's death was caused by his exposure to herbicides in Vietnam. In support of her claim, she submitted medical records from her husband's private physicians and the hospital where he was treated for his conditions. These records revealed that a bone marrow biopsy was performed in October 1994 by Dr. Barbara A. Beeler who stated "[The] bone marrow biopsy demonstrates extensive fibrosis and apparent necrosis with scattered foci of metastatic adenocarcinoma of the columnar cell type. The morphology is highly suggestive of colon primary, but other sites of origin cannot be ruled out on the basis of this material." Dr. Beeler then diagnosed that the veteran suffered from, inter alia, "metastatic adenocarcinoma of unknown primary site with widespread metastases including bone marrow."

In December 1994, a VA regional office (VARO) denied the appellant's claim for DIC, finding that her husband's death was not related to his military service. The appellant then filed a timely appeal to the Board. In support of her appeal, the appellant filed an amended death certificate dated October 1996 which stated that the veteran died from cardiac arrhythmia as a result of arteriosclerotic heart disease and "bone marrow cancer." In March 1997, the Board denied her appeal and the appellant then appealed to this Court.

In February 1998, the appellant and the Secretary filed a joint motion for remand. The motion stated, "The parties agree that a principal basis for a remand ... is that the BVA ... failed to articulate adequate reasons or bases for its determination...." The motion explained that "in the instant case, the Board considered, referenced, and relied upon, in part, more than thirty (30) pages of medical records of one 'Donald Griffin', in addition to, or in lieu of the medical records of the veteran, Donald L. Hasty." The motion also stated that:

> Appellant will be free to submit additional evidence and argument on the questions at issue, and the BVA may "seek other evidence it feels is necessary" to the timely resolution of the Appellant's claim. *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991); *see also Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992).

On February 26, 1998, the Court granted the parties' joint motion for remand, and the case was returned to the Board.

On May 5, 1998, the Board sent the appellant's attorney a letter which stated

> Mrs. Hasty's case was recently transferred to the Board. As provided in the Court's order, you may submit additional argument and evidence in support of the appeal. If you elect to do so, any additional argument or evidence must be forwarded to this office within 30 days of the date of this letter.

This letter also advised that "Following receipt of your response or the end of the 30 day period, whichever comes first, the case will be forwarded to a member of the Board for adjudication." On May 7, 1998, the appellant's counsel responded to the Board's letter by handwriting a note on a photocopy of the Board's letter. The note stated in its entirety, "5/7/98—Please remand this case to VARO for action. The veteran [sic] has nothing more to submit at this time[.] K[.]B[.] Mason."

On June 24, 1998, the Board issued its decision which found that the appellant's claim was not well grounded. The Board noted that none of the causes of the veteran's death was presumptively related to herbicide exposure, nor had the appellant provided any medical evidence which would relate these condition to his military service. In addition, the Board responded to the appellant's request that the matter be remanded to the VARO by stating:

> The Board finds no need to remand the present appeal for any additional development by the [VA]RO, as the appellant did not submit any additional evidence and the deficiency that was pointed out by the Court in its Order of February 1998, i.e., the inadvertent reference in the Board's decision of March 1997 to several private medical records from another veteran, can be cured at the appellate level, especially since the record does not reveal that the [VA]RO denied the appellant's claim based on a review of these documents.

## II. ANALYSIS

### A. Well–Grounded Claim

■ DIC is paid to the surviving spouse, children, or parents of a qualifying veteran who dies from a service-connected disability. 38 U.S.C. § 1310. For such a death to be considered service connected, it must result from a disability incurred or aggravated in the line of duty. *See* 38 C.F.R. § 3.312. As with any other type of claim, a claimant seeking DIC benefits has

the initial burden of showing that the claim is well grounded. 38 U.S.C. § 5107; *see Grottveit v. Brown,* 5 Vet.App. 91, 93 (1993).

For a claim to be well grounded, there must be: (1) a medical diagnosis of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the in-service injury or disease and the current disability. *Caluza v. Brown,* 7 Vet.App. 498, 506 (1995), *aff'd per curiam,* 78 F.3d 604, 1996 WL 56489 (Fed.Cir.1996) (table); *see also Epps v. Brown,* 9 Vet.App. 341, 343–44 (1996), *aff'd sub nom. Epps v. Gober,* 126 F.3d 1464, 1468 (Fed.Cir.1997), *cert. denied sub nom. Epps v. West,* 524 U.S. 940, 118 S.Ct. 2348, 141 L.Ed.2d 718 (1998). To be considered well grounded, a claim must be more than an allegation; there must be some supporting evidence. *See Tirpak v. Derwinski,* 2 Vet.App. 609, 611 (1992). "[W]here the determinative issue involves medical causation or medical diagnosis, competent medical evidence to the effect that the claim is 'plausible' or 'possible' is required." *Grottveit,* 5 Vet.App. at 93; *see also Heuer v. Brown,* 7 Vet.App. 379, 384 (1995).

A lay person is competent to describe symptoms, but is not competent to offer evidence which requires medical knowledge, such as a diagnosis or a determination of etiology. *See Espiritu v. Derwinski,* 2 Vet.App. 492, 494–95 (1992). For the purpose of determining whether a claim is well grounded, the credibility of the evidence in support of the claim is presumed. *Robinette v. Brown,* 8 Vet. App. 69, 75 (1995). If the only evidence on a medical issue is the testimony of a lay person, the claimant does not meet the burden imposed by section 5107(a) and does not have a well-grounded claim. *See Grottveit,* 5 Vet.App. at 93. Unsupported by medical evidence, a claimant's personal belief, however sincere, cannot form the basis of a well-grounded claim. *Moray v.*

*Brown,* 5 Vet.App. 211, 214 (1993); *Grottveit,* 5 Vet.App. at 92. Whether a claim is well grounded is a question of law which the Court reviews de novo. *See King v. Brown,* 5 Vet.App. 19 (1993).

In this case, the Court finds that the appellant's claim is not well grounded because she has failed to provide any medical evidence which establishes a relationship between any of the causes of her husband's death and his military service. The appellant's unsubstantiated assertions that her husband's death was caused by his exposure to herbicides is not supported by any medical evidence in the record on appeal. Furthermore, there is no medical evidence which relates his death to any of his service-connected conditions. Until the appellant submits competent evidence which links her husband's death to his military service, her claim cannot be considered well grounded for direct service connection.

Another means to provide a relationship between a disease and military service is through a regulatory presumption. *See* 38 C.F.R. § 3.307; 38 C.F.R. § 3.309(e). These regulations presume that certain diseases are presumed to be related to herbicide exposure if manifested within the applicable time period. Veterans who meet the regulations' criteria are not required to present a medical nexus because a medical nexus is presumed to exist. *See generally Cosman v. Principi,* 3 Vet.App. 503 (1992). In this case, none of the causes of the veteran's death is on the current list of diseases presumed to be related to exposure to herbicides. *See* 38 C.F.R. § 3.309. Therefore, the Board decision to deny the appellant's claim for service connection of his death under the regulatory presumptions of herbicide exposure must be affirmed.

### B. Board's Procedure

In her brief, the appellant argues that the Board erred because it stated that she had only 30 days to submit additional evidence or request a hearing in support of

her appeal. She contends that, according to the applicable regulation and the relevant interpretation of that regulation by this Court, she had 90 days from the Board's May 5, 1998 letter to submit additional information. Since the Board issued its decision before her 90–day period expired, the appellant argues that a remand is required. Furthermore, the appellant argues that the Board should have provided her with notice that her motion for remand to the VARO had been denied.

Submission of evidence to the Board is governed by 38 C.F.R. § 20.1304(a). This regulation states, in pertinent part:

> An appellant and his or her representative, if any, will be granted a period of 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the Board of Veterans' Appeals, whichever comes first, during which they may submit a request for a personal hearing, additional evidence, or a request for a change in representation.

38 C.F.R. § 20.1304(a). While this regulation does not specifically address situations when an appeal is transferred to the Board on remand, this Court has held that this regulation applies in that instance in the same manner as if the appellant were on direct appeal from a VARO decision. *See Kutscherousky v. West,* 12 Vet.App. 369, 372 (1999). In discussing 38 C.F.R. § 20.1304(a), the Court stated:

> That regulation entitles a claimant, as of right, to submit additional evidence to the BVA either during the 90-day period beginning on the date after mailing of notice to the claimant that an appeal has been certified and that the appellate record has been transferred to the Board or at a hearing on appeal that was requested during that 90-day period; and permits additional evidence to be submitted to the Board thereafter only if

the appellant "demonstrates good cause for the delay"....

. . . .

> ... Hence, the Court holds that, following the remand of a case from the Court, the Board's mailing to the appellant of notice regarding postremand submission of evidence, is the functional equivalent of the § 20.1304(a) "mailing of notice to the [ appellant] that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board", which notice routinely advises appellants of the § 20.1304(a) 90–day period (see 38 C.F.R. § 19.36) after the expiration of which the appellant may no longer submit additional evidence as of right. This holding is consistent with the shift of the claim upon remand by the Court from the Court's adversarial process back to the nonadversarial, ex parte adjudication process carried out on behalf of the Secretary....

> Accordingly, the Court holds that in every case in which the Court remands to the Board a matter for adjudication or readjudication (whether or not the Court cites to this precedential order and unless the Court specifically provides to the contrary in ordering such remand), (1) an appellant is entitled, until 90 days have expired after the Board mails to the appellant a postremand notice to the following effect, to submit, under the parameters set forth in 38 C.F.R. §§ 19.37, 20.1304(a), without a showing of good cause, additional evidence and argument, or to request by the end of such 90 days a "hearing on appeal" at which the appellant may submit new evidence, to be considered by the Board.

*Kutscherousky,* 12 Vet.App. at 371–72 (citations omitted).

In *Kutscherousky,* the Court did not discuss the content of 38 C.F.R. § 20.1304(a) or the propriety of the Board's issuing a decision prior to the 90–day period to submit additional evidence.

Of course, this decision did not change the substance of 38 C.F.R. § 20.1304(a), but merely held that this regulation applies in all claims remanded to the Board from this Court in the same manner as it does when the claim is appealed to the Board from an adverse VARO decision. The text of this regulation clearly states that an appellant has a defined period to submit additional evidence, request a personal hearing, or request a change in representation. 38 C.F.R. § 20.1304(a). This period is defined as 90 days from the mailing of notice that the records have been transferred to the Board or "until the date the appellate decision is promulgated by the Board ... whichever comes first." *Id.* Thus, the appellant does not necessarily have 90 days to submit additional evidence if the Board renders its decision within 90 days of transfer.

In this case, the Board specifically informed the appellant that she had only 30 days to submit additional evidence rather than the full 90 days. The Board warned the appellant that if she did not submit additional evidence within 30 days that it would render its decision. The appellant's attorney received this notice and responded that she did not have any further evidence to submit. She neither requested additional time to submit evidence, informed the Board that additional evidence would be forthcoming, nor requested a personal hearing. Having been informed that the record was complete, the Board then expeditiously rendered its decision. Given the fact that the Board specifically notified the appellant that it would render its decision within 30 days and that the appellant informed the Board that she had no further evidence to submit, the Court cannot find any procedural defect in the Board's actions.

Finally, the Court finds meritless the appellant's contention that the Board should have informed her that her motion to remand the matter to the VARO was denied. The Board clearly articulated its reasoning for denying her motion for re-

mand in its June 1998 decision by stating that the record was complete and the matter was ready for adjudication. The Board correctly stated that the reason for the joint motion for remand was to expunge extraneous material and that this error could be "cured at the appellate level." The Board also found that the appellant's naked request for remand did not provide any reasons for such action. Finding the record complete and no reason to remand the matter, the Board rendered its decision. The Court cannot hold that such action was erroneous.

### C. Duty to Assist

 In her brief, the appellant argues that the VA Adjudication and Procedure Manual M21–1 has voluntarily expanded the Secretary's duty to assist and that the Board erred by enforcing this requirement. On the contrary, this Court has held that the duty to assist is not triggered until a claimant has submitted a well-grounded claim. *See Morton v. West*, 12 Vet.App. 477 (1999).

### III. CONCLUSION

After consideration of the pleadings and a review of the record, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the Board decision fulfills the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990).

The decision of the Board is AFFIRMED.

KRAMER, Judge, concurring:

I concur in the majority's opinion to the extent that it holds that the appellant's claim for dependency and indemnity compensation is not well grounded and that the duty to assist therefore was not triggered. However, for the reasons that follow, I concur only in the result of the majority's opinion insofar as it holds that

the Board of Veterans' Appeals (BVA or Board) did not commit any postremand procedural error in its notification regarding the submission of evidence.

Pursuant to 38 C.F.R. § 20.1304(a) (1998), an appellant is entitled to submit additional evidence for "a period of 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the [BVA], whichever comes first." *See Kutscherousky v. West,* 12 Vet.App. 369, 372 (1999) (per curiam order) (holding that "following the remand of a case from the Court, the Board's mailing to the appellant of notice regarding postremand submission of evidence, is the functional equivalent of the § 20.1304(a) 'mailing of notice to the [appellant] that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board'" and that "in every case in which the Court remands to the Board a matter for adjudication . . . an appellant is entitled, until 90 days have expired after the Board mails to the appellant a postremand notice . . . to submit, under the parameters set forth in 38 C.F.R. §§ 19.37, 20.1304(a), . . . additional evidence"); 38 C.F.R. § 19.36 (1998) (requiring written notice to an appellant, and any representative, regarding § 20.1304(a) appellate-record certification and transfer and regarding period for, inter alia, submission of additional evidence). In the present case, the Board, following a remand by the Court, notified the appellant, in a May 5, 1998, letter, that additional evidence "must be forwarded to this office within 30 days of the date of this letter" and that "[f]ollowing receipt of your response or the end of the 30[-]day period, whichever comes first, the case will be forwarded to a member of the Board for adjudication." Record (R.) at 290. On May 7, 1998, the appellant responded that she did not have any additional evidence to submit at that time. R. at 290. The Board, on June 24, 1998, then issued the decision on appeal.

In its analysis, the majority initially recognizes that postremand submissions of evidence to the Board will be governed by 38 C.F.R. § 20.1304(a), and that, under that regulation, "the appellant does not necessarily have 90 days to submit additional evidence if the Board renders its decision within 90 days of transfer." *Ante* at 234–235. The majority then essentially concludes that there were no "procedural defect[s] in the Board's actions" because the Board notified the appellant that she would be permitted to submit evidence for only 30 days and because, in response, the appellant indicated that she had no further evidence to submit. *Id.*

I agree with the majority that, under the regulation, an appellant will not necessarily be entitled to submit evidence for the entire 90-day period and that such a period may be shortened to a time unknown to the appellant. However, as the majority itself notes, the promulgation of a BVA decision is the sole basis provided in § 20.1304(a) for terminating the 90-day period prior to the expiration of the full 90 days. (Thus, under the facts of this case, the appellant was entitled to submit evidence for the nearly 50-day period between the May 5, 1998, notice, and the June 24, 1998, issuance of the Board's decision.) Pretermitting the question of whether the regulation can meet both due process (*see generally Thurber v. Brown,* 5 Vet.App. 119, 122–23 (1993)) and fair process (*see generally Austin v. Brown,* 6 Vet.App. 547, 551–52 (1994)) concerns, there does not appear to be any basis for the majority's conclusion that, under the regulation, the BVA may shorten the 90-day period merely by notifying the appellant that a shorter period will apply, or by notifying the appellant that in 30 days (or less, based upon an earlier than 30 day response) the case will be forwarded for an adjudication to occur at some unknown time. Nor does there appear to be a basis for concluding that the period may be terminated upon "receipt of [the appellant's] response." R. at 290. Consequently, I

believe that the BVA erred in purporting to limit the period for submission of evidence to a maximum of 30 days, and in notifying the appellant that occurrences other than the issuance of the BVA decision would terminate the period.

Nevertheless, I concur in the result reached by the majority with regard to this issue because the appellant, upon receiving the 30-day notice from the Board, merely responded, through her representative, that she did not intend to submit additional evidence at that time. Although it is unclear what the appellant's representative intended by the phrase "at this time" (R. at 290), the appellant, prior to the Board decision, did not raise to the Board any disagreement with the period specified in the May 1998 notice, did not request additional time within which to submit evidence, and did not attempt to submit additional evidence. Nor has the appellant proffered or identified to the Court any evidence that would have been submitted had additional time for submission been allotted. Therefore, I believe that, in light of the appellant's actions, any procedural error committed in this regard was rendered nonprejudicial. *See* 38 U.S.C. § 7261(b) (providing that "the Court shall take due account of the rule of prejudicial error").