# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1271

PAUL E. LUYSTER, APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and HOLDAWAY, *Judges*.

**O R D E R**

On August 29, 2000, this Court affirmed a May 5, 1999, Board of Veterans' Appeals (Board) decision which had denied as not well grounded the appellant's claim for service connection for a bilateral eye disability, other than a corneal scar of the left eye and scars under both eye lids. The Court's decision was based upon the Board's determination that the record contained no competent medical nexus evidence. On September 19, 2000, the appellant, through counsel, filed a motion pursuant to Rule 35(b) of this Court's Rules of Practice and Procedure for a panel decision revoking the Court's August 29, 2000, decision, vacating the Board's May 5, 1999, decision, and remanding the matter.

Subsequent to the Court's August 29, 2000, decision, the Veteran's Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) [hereinafter VCAA], was enacted. The VCAA, among other things, amended 38 U.S.C. § 5107 to eliminate the well-grounded claim requirement. Pursuant to section 7(a)(2) of the VCAA, that amendment to section 5107 is applicable to "any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date." Accordingly, because the Board denied the appellant's claim as not well grounded, a remand is required in order to provide the Board with an opportunity to readjudicate the appellant's claim. *See generally Karnas v. Derwinski*, 1 Vet.App. 308, 312-13 (1991) (when law or regulation changes after claim has been submitted, but before administrative or judicial appeal process has been concluded, law which is most favorable to plaintiff must be applied).

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claim. *Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999). The Board shall proceed expeditiously. *See* Veterans' Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court); *Drosky v. Brown*, 10 Vet.App. 251, 257 (1997). Moreover, if the circumstances warrant, the Board is authorized and obligated to remand the claim to the regional office for further development. *See* 38 C.F.R. § 19.9(a) (1999); *Littke v. Derwinski*, 1 Vet.App. 90 (1990).

Upon consideration of the forgoing it is

ORDERED that the appellant's motion for a panel decision is granted.  It is further

ORDERED that the Court's August 29, 2000, decision in this matter is withdrawn, the Board's May 5, 1999, decision is VACATED, and this matter is REMANDED for readjudication.

DATED: November 20, 2000                                    PER CURIAM.