THIS VERSION INCLUDES THE ERRATA DATED 31JAN01 -e

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 96-1373

HAROLD STUCKEY, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, HOLDAWAY, and IVERS, *Judges.*

### O R D E R

On November 17, 1999, the Court issued an opinion affirming the June 19, 1996, Board of Veterans' Appeals (Board or BVA) decision that denied as not well grounded claims for service connection for a back disability and for residuals of a forehead injury. *See Stuckey v. West*, 13 Vet.App. 163 (1999). On January 28, 2000, the appellant filed an appeal with the United States Court of Appeals for the Federal Circuit (Federal Circuit).

On January 9, 2001, the Federal Circuit granted the Secretary's motion for remand and remanded the case back to this Court for further proceedings consistent with the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). The VCAA, inter alia, amended 38 U.S.C. § 5107 to eliminate the well-grounded claim requirement. Pursuant to section 7(a)(2) of the VCAA, that amendment to section 5107 is applicable to "any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date." Accordingly, because the Board denied the appellant's claim as not well grounded, a remand is required in order to provide the BVA with an opportunity to readjudicate the appellant's claims. *See Luyster v. Gober*, 14 Vet.App. 186 (2000).

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claim. *Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999). The Board shall proceed expeditiously. *See* Veterans' Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court); *Drosky v. Brown*, 10 Vet.App. 251, 257 (1997). Moreover, if the circumstances warrant, the Board is authorized and obligated to remand the claim to the regional office for further development. *See* 38 C.F.R. § 19.9(a) (1999); *Littke v. Derwinski*, 1 Vet.App. 90 (1990).

Upon consideration of the foregoing, it is

ORDERED that the Court's November 17, 1999, opinion is withdrawn.  It is further

ORDERED that the June 19, 1996, BVA decision is VACATED and the matter is REMANDED to the Board for adjudication on the merits.

DATED:          January 24, 2001                              PER CURIAM.