Jacqueline C. SACHS, Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Appellee.

No. 98–1632.

United States Court of Appeals for Veterans Claims.

March 9, 2001.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

## ORDER

PER CURIAM:

The appellant appeals a July 9, 1998, decision of the Board of Veterans' Appeals (BVA or Board), which determined that the death of her husband, a veteran, had not been "produced or hastened by a dis-

ability of service origin." Record (R.) at 12. The Board denied entitlement to service connection for the cause of the veteran's death. The Court issued a decision regarding the appeal on July 27, 2000, and on January 2, 2001, mandate was issued with respect to the part of that decision that remanded a matter to the Board. Pursuant to *In Re: Veterans Claims Assistance Act of 2000*, U.S. Vet.App. Misc. Order No. 4–00 (Nov. 13, 2000) (en banc), judgment was recalled with respect to the matters not remanded in the July 27, 2000, decision. This order replaces the part of the July 27, 2000, decision for which judgment was recalled.

Pursuant to 38 U.S.C. § 1310, the appellant, as the surviving spouse of a qualifying veteran, would be eligible for dependency and indemnity compensation (DIC) if it were determined that her deceased husband's death was from a service-connected disability. *See Hanna v. Brown*, 6 Vet.App. 507, 510 (1994). The matter remanded by the Court, pursuant to the July 27, 2000, decision, leaves pending before the Board the determination of whether the veteran's death was from a service-connected disability.

 Furthermore, in her pleadings for this appeal, the appellant has argued that VA failed to fulfill its statutory duty to assist her with her claim, and to apply the benefit-of-the-doubt doctrine. On November 9, 2000, the Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 114 Stat.2096 (Nov. 9, 2000) [hereinafter VCAA] was enacted. The provisions of the VCAA affect sections of chapter 51 of title 38 of the United States Code that set forth the Secretary's duty to assist claimants and codify the benefit-of-the-doubt doctrine. Since it is not the function of this Court to determine in the first instance which version of a law is most favorable to a claimant, the Court will remand the matter of the appellant's eligibility for section 1310 DIC benefits for complete readjudication. *See Baker v. West*, 11 Vet.App. 163 (1998); *see generally Karnas v. Derwinski*, 1 Vet.App. 308, 312–13 (1991) (when law or regulation changes after claim has been submitted, but before administrative or judicial appeal process has been concluded, law which is most favorable to claimant must be applied).

 Also in her pleadings for this appeal, the appellant has raised the issue of eligibility for DIC under 38 U.S.C. § 1318(b). *See Hix v. West*, 12 Vet.App. 138 (1999). The appellant did not, however, argue to the Board that, pursuant to section 1318, the veteran was entitled to a total disability rating prior to death. *Cf. Cole v. West*, 13 Vet.App. 268, 274–75 (1999) (Court assumed jurisdiction to consider section 1318 issue where appellant had referred to "10 year presumptive rule" and "presumptive DIC" in the record before the Board). There is no VA regional office decision, no jurisdiction-conferring Notice of Disagreement (NOD), and no final Board decision in this case as to the matter of the appellant's eligibility for DIC under 38 U.S.C. § 1318(b). Thus, the Court lacks jurisdiction to consider the question. *See Lyon v. Brown*, 5 Vet.App. 507 (1993) (Court dismissed for lack of jurisdiction where the appellant had failed to file an NOD as to a section 1318 DIC claim); *Ledford v. West*, 136 F.3d 776, 779 (Fed.Cir.1998).

Finally, upon issuance of mandate for the matter remanded pursuant to the Court's July 27, 2000, decision regarding this appeal, the appellant filed an application for an award of attorney fees and other expenses pursuant to the Equal Access to Justice Act (EAJA). *See* U.S. Vet. App.R. 39. On January 26, 2000, the Court ordered that the application be held in abeyance pending resolution of the issues remaining before the Court. Those issues are resolved herein, and proceedings with respect to the appellant's EAJA application will commence.

Upon consideration of the foregoing, it is

ORDERED that the July 9, 1998, BVA decision is VACATED in its entirety, and the matter of service connection for the cause of the veteran's death is REMANDED for development and readjudication consistent with this order. It is further

ORDERED that the appeal concerning the issue of eligibility for DIC under 38 U.S.C. § 1318(b) is DISMISSED for lack of jurisdiction. It is further

ORDERED that the Secretary shall, within thirty days of the date of this order, file and serve a response to the appellant's EAJA application, to which the appellant may file a reply, consistent with Rule 39 of the Court's Rules of Practice and Procedure.