**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 96-403

HAYDEN B. MCQUEEN, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, IVERS, and STEINBERG, *Judges.*

**O R D E R**

In a panel opinion dated December 16, 1999, *McQueen v. West*, 13 Vet.App. 237 (1999), the Court affirmed an April 8, 1996, decision of the Board of Veterans' Appeals (Board) that concluded that the appellant had failed to submit well-grounded claims, as required under 38 U.S.C. § 5107 as it existed at that time, to establish secondary service connection for a chronic acquired low back disorder, carcinoma in situ of the bladder, and impotence. The appellant subsequently appealed, through counsel, to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).

On November 9, 2000, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA) was enacted. The VCAA, inter alia, amended 38 U.S.C. § 5107(a) to eliminate the well-grounded-claim requirement. VCAA, § 4, 114 Stat. at 2098-99 (to be codified at 38 U.S.C. § 5107(a)); *see Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order). Pursuant to section 7(a)(2) of the VCAA, that amendment to 38 U.S.C. § 5107 is applicable to "any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date." In an opinion dated December 14, 2000, the Federal Circuit vacated this Court's opinion in this case and remanded the appeal with instructions to this Court to remand the case to the appropriate authority in the agency for prompt readjudication of the appellant's claims pursuant to the requirements set forth in the Department of Veterans Affairs (VA) Adjudication Procedure Manual, M21-1, for veterans seeking benefits for secondary service connection. Because the Board denied the appellant's claims as not well grounded, a remand is required in order to provide the Board with an opportunity to readjudicate the appellant's claims. *See Luyster*, *supra*.

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claims. *See Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). The Board shall proceed expeditiously. *See* Veterans' Benefits Improvements Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court); *Drosky v. Brown*, 10 Vet.App. 251, 257 (1997).

Upon consideration of the foregoing, it is

ORDERED that the April 8, 1996, Board decision is VACATED and the matters are REMANDED to the Board for further proceedings consistent with this order and the opinion of the Federal Circuit.

DATED:       March 13, 2001                    PER CURIAM.