# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1275

WILLIAM L. HODGES, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, IVERS, and STEINBERG, *Judges.*

# O R D E R

On January 12, 2000, the Court issued an opinion reversing that part of the March 19, 1998, decision of the Board of Veterans' Appeals (Board or BVA) that denied service connection for a left-knee disorder and affirming that part of the Board decision that denied as not well grounded, under 38 U.S.C. § 5107 as it then existed, a claim for service connection for a stomach disorder. *Hodges v. West*, 13 Vet.App. 287 (2000). On April 3, 2000, the appellant filed, through counsel, an appeal with the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).

On February 20, 2001, the Federal Circuit granted the Secretary's unopposed motion for remand and remanded the case to this Court for further proceedings consistent with the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). The VCAA, inter alia, amended 38 U.S.C. § 5107(a) to eliminate the well-grounded-claim requirement. VCAA, § 4, 114 Stat. at 2098-99 (to be codified at 38 U.S.C. § 5107(a)); *see Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order). Because the Board denied the appellant's claim as not well grounded, a remand is required in order to provide the Board with an opportunity to readjudicate it under the VCAA, *see* VCAA, § 7(a)(2), 114 Stat. at 2099 (amendment to section 5107 is applicable to "any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date"); *Luyster*, *supra*, and all other applicable law and regulation, as well as to assess in the first instance the impact, if any, on those claims of the Secretary's duty to prescribe regulations under new section 5103A(e) and his discretionary authority under new section 5103A(g) to provide to a VA claimant assistance, in substantiating his or her claim, that is not required by new section 5103A. *See McCormick v. Gober*, 14 Vet.App. 39, 45 (2000) (remanding to BVA for it to address initially "questions [raised for first time to this Court that] are peculiarly within the competence of VA to address"); *see also Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (although this Court "may hear legal arguments raised for the first time with regard to a claim that is properly before the [C]ourt, it is not compelled to do so in every instance").

Hence, the Court will vacate that part of the Board decision on appeal that denied service connection for a stomach disorder and remand the appellant's claim for expeditious further

development and issuance of a readjudicated decision supported by an adequate statement of reasons or bases, *see* 38 U.S.C. §§ 1110, 1131, 7104(a), (d)(1); 38 U.S.C. §§ 5103, 5103A, 5106, 5107 as amended by the VCAA; *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) -- all consistent with this order and in accordance with section 302 of the Veterans' Benefits Improvements Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or the Court), and with all applicable law and regulation. *See Allday v. Brown*, 7 Vet.App. 517, 533-34 (1995). On remand, the appellant will be free to submit additional evidence and argument on the remanded claim in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order), and all applicable law and regulation. The Court notes that a remand by this Court and by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. *See Stegall v. West*, 11 Vet.App. 268, 271 (1998). A final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant. *See Marsh v. West*, 11 Vet.App. 468, 472 (1998).

Upon consideration of the foregoing, it is

ORDERED that the January 12, 2000, opinion of the Court is withdrawn to the extent that it affirmed the Board's decision denying service connection for a stomach disorder. It is further

ORDERED that the part of March 19, 1998, decision of the Board that denied service connection for a stomach disorder is VACATED and the matter is REMANDED to the Board for readjudication in accordance with the provisions of this order.

DATED:      March 14, 2001                                             PER CURIAM.