# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-1244

LORENZO J. ARMENTROS,                                          APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                 APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

On October 3, 2000, the Court, sua sponte, stayed these proceedings pending a decision by the Court in the matter of *Hayre v. Gober*, U.S. Vet. App. No. 95-854 (supplemental briefing ordered April 14, 2000). Subsequently, the Court has issued decisions that suggest that the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), which was enacted after the Court's October 3, 2000, stay, has application to many claims pending before the Court and has remanded many claims to the Board of Veterans' Appeals (Board) for consideration of that question in the first instance. *See, e.g., Weaver v. Principi*, __ Vet.App. ___, ___, No. 00-2284, 2001 WL 253651, at *1 (Mar. 15, 2001) (per curiam order) (vacating BVA denial of waiver of debt for BVA to consider, "in light of the VCAA, [whether appellant was] entitled to additional notification or assistance from VA prior to the adjudication of her claim"); *Sachs v. Principi*, __ Vet.App. ___, ___, No. 98-1632, 2001 WL 228173, at *1 (Mar. 9, 2001) (per curiam order) (indicating, as to claim for VA service connection for cause of veteran's death, that VCAA "affect[s] sections of chapter 51 of title 38 of the United States Code that set forth the Secretary's duty to assist"); *Holliday v. Principi*, __ Vet.App. ___, ___, No. 99-1788, 2001 WL 179824, at *6 (Feb. 22, 2001) ("all provisions of the VCAA are potentially applicable to claims pending on the date of the VCAA's enactment"); *Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order) (holding that VCAA is applicable to claims denied as not well grounded).

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file with the Court and serve on the appellant a response to this order that shows cause why this case should not be remanded for readjudication in light of the VCAA. It is further

ORDERED that, not later than 20 days after service of the Secretary's response, the appellant may file a reply to the Secretary's response. If the Secretary's response contains a motion for remand and the appellant does not file a reply thereto, the Court will consider the appellant to have consented to the motion for remand. *Cf. In Re: Veterans Claims Assistance Act of 2000* (VCAA), __ Vet.App.

__, Misc. No. 4-00, 2000 WL 1693303 (Nov. 13, 2000) (en banc order, temporarily found at 14 Vet.App. at Ct. R-2 (Dec. 2000)) (providing that failure of one party to file timely response to other party's recommendation, made as part of the filing pursuant to that miscellaneous order, for action under VCAA "may be considered that party's consent to any action recommended in that motion").

DATED:       April 2, 2001                                    PER CURIAM.