Thuan L. HASTY, Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Appellee.

No. 98–1511.

United States Court of Appeals for Veterans Claims.

Oct. 1, 2001.

Before KRAMER, Chief Judge, and HOLDAWAY and IVERS, Judges.

## ORDER

PER CURIAM:

In a panel opinion dated December 9, 1999, the Court affirmed the June 24, 1998, decision of the Board of Veterans' Appeals (Board) that concluded that the appellant had failed to submit a well-grounded claim to establish service connection for the cause of death for her veteran-husband. *Hasty v. West,* 13 Vet.App. 230 (1999). On January 3, 2000, the Court entered judgment. The appellant subsequently perfected an appeal to the United States Court of Appeals for the Federal Circuit (CAFC). On November 28, 2000, the CAFC remanded the appeal to this Court for further proceedings consistent with the recently enacted Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106–475, 114 Stat. 2096 (Nov. 9, 2000).

The VCAA, inter alia, amended 38 U.S.C. § 5107 to eliminate the well-grounded claim requirement. Pursuant to section 7(a)(2) of the VCAA, that amendment to section 5107 is applicable to "any claim ... filed before the date of the enactment of [the VCAA] and not final as of that date." Accordingly, because the Board denied the appellant's claim as not well grounded, a remand is required in order to provide the Board with an opportunity to readjudicate the appellant's claim. *See Luyster v. Gober,* 14 Vet.App. 186 (2000) (per curiam order); *see also Holliday v. Principi,* 14 Vet.App. 280 (2001).

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of her claim. *See Kutscherousky v. West,* 12 Vet.App. 369, 372 (1999) (per curiam order). The Board shall proceed expeditiously. *See* Veterans' Benefits Improvement Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994)

(found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court); *Drosky v. Brown,* 10 Vet.App. 251, 257 (1997). Moreover, if the circumstances warrant, the Board is authorized and obligated to remand the claim to the regional office for further development. *See* 38 C.F.R. § 19.9(a) (2000); *Littke v. Derwinski,* 1 Vet.App. 90 (1990).

Upon consideration of the foregoing, it is

ORDERED that the Court's January 3, 2000, judgment is recalled. It is further

ORDERED that the Court's December 9, 1999, opinion is withdrawn. It is further

ORDERED that the June 24, 1998, Board decision is VACATED and the matter is REMANDED to the Board for readjudication.