ORDER
PER CURIAM.
On April 6, 2001, by single-judge order, the Court remanded the appellant’s claim for entitlement to service connection for a right-foot disability pursuant to the Veter *17 ans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), and Holliday v. Principi, 14 Vet.App. 280 (2001). On April 27, 2001, the appellant filed a timely motion for panel decision. The appellant argues that remand was inappropriate where the evidence of record supported an award of service connection for the claimed condition. He argues that the Court erred in remanding the claim rather than reversing the Board of Veterans’ Appeals (Board) decision as clearly erroneous.
Because the Board’s decision predates the enactment of the VCAA, and because this Court is limited to reviewing that which the Board has already considered, a remand is required in order to provide the Board with an opportunity to readjudicate the appellant’s claims under the new statute in the first instance. Holliday, supra; see also Luyster v. Gober, 14 Vet.App. 186 (2000) (per curiam order). Each of the appellant’s arguments respecting the Board’s decision can be presented to the Board on remand, and in the event this appeal should return to the Court, the Court will be in a better position to review the issues after receiving the benefit of the Board’s analysis. See Best v. Principi, 15 Vet.App. 18, 19-20 (2001) (per curiam order) (a narrow decision preserves for the appellant an opportunity to argue those claimed errors before the Board upon re-adjudication).
Upon consideration of the foregoing, the parties’ prior pleadings, and the record on appeal, it is
ORDERED that the appellant’s motion for a decision by a panel is denied.