Martin D. PAULSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–1043.

United States Court of Veterans Appeals.

March 21, 1995.

As Amended April 7, 1995.

Martin D. Paulson, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, DC, were on the brief for the appellee.

Before MANKIN, HOLDAWAY, and IVERS, Judges.

IVERS, Judge:

Martin D. Paulson appeals a September 29, 1993, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a psychiatric disorder. *Martin D. Paulson*, BVA 93–18683 (Sept. 29, 1993). The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court vacates the September 1993 decision of the BVA and remands the case for readjudication consistent with this opinion.

## I. FACTUAL BACKGROUND

The appellant served on active duty for training with the United States Army from March 24, 1962, to September 23, 1962. Record (R.) at 15. On July 6, 1988, he filed an application with a VA regional office (RO) for service connection for agoraphobia, panic attacks, and anxiety depression, conditions which he indicated were aggravated during training with the Army Reserve in July 1965. R. at 15, 29. On July 24, 1989, the RO denied service connection for agoraphobia. R. at 40–41. On January 16, 1990, the Board remanded the appellant's claim for the RO to obtain additional medical records. R. at 55. On June 13, 1990, the RO denied service connection for panic disorder with agoraphobia. R. at 68–69. On October 29, 1990, the Board denied service connection for a psychiatric disorder. R. at 91. The appellant then appealed that Board decision to the Court on November 5, 1990. On March 24, 1993, the Court granted a motion for remand filed by the Secretary (R. at 94–97), vacated the October 1990 BVA decision, and remanded the

case for readjudication. *Paulson v. Brown*, 5 Vet.App. 16 (1993); R. at 100–01. On September 29, 1993, the Board issued a decision denying service connection for a psychiatric disorder. *Paulson*, BVA 93–18683, at 6. The Board's decision was predicated on two grounds: (1) the appellant's psychiatric disorder preexisted service; and (2) the condition was not aggravated during service. *Id.*, BVA 93–18683, at 5–6.

## II. ANALYSIS

The appellant served on active duty for training during peacetime. *See* 38 U.S.C. § 101(29). Therefore, the applicable disability compensation provisions are those relating to peacetime service, found in subchapter IV of chapter 11 of title 38 of the United States Code. *See generally Doran v. Brown*, 6 Vet.App. 283, 286 (1994).

A veteran is entitled to service connection for a disease or injury incurred in or aggravated by service. 38 U.S.C. § 1131; 38 C.F.R. §§ 3.303, 3.304 (1994). The pertinent statutory provision reads as follows:

> For disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during other than a period of war, the United States will pay to any *veteran* thus disabled and who was discharged or released under conditions other than dishonorable from the period of service in which said injury or disease [was] incurred, or preexisting injury or disease was aggravated, compensation as provided in this subchapter, but no compensation shall be paid if the disability is a result of the veteran's own willful misconduct or abuse of alcohol or drugs.

38 U.S.C. § 1131 (emphasis added).

In turn, subchapter IV includes a provision regarding a presumption of sound condition:

> For the purposes of section 1131 of this title, every *person* employed *in the active military, naval, or air service* for six months or more shall be taken to have been in sound condition when examined,

accepted and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance and enrollment, or where evidence or medical judgment is such as to warrant a finding that the disease or injury existed before acceptance and enrollment.

38 U.S.C. § 1132 (emphasis added); *see also* 38 C.F.R. § 3.304(b) (1994). However, "[t]he presumption only attaches where there has been an induction examination in which the later complained-of disability was not detected." *Bagby v. Derwinski*, 1 Vet.App. 225, 227 (1991). If a disability is found to have preexisted service, then service connection may be predicated only upon a finding of aggravation during service.

Regarding aggravation of a preexisting injury or disease, the statute provides as follows:

> A preexisting injury or disease will be considered to have been aggravated by *active military, naval, or air service*, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease.

38 U.S.C. § 1153 (emphasis added); *see also* 38 C.F.R. § 3.306(a)–(b) (1994). The presumption of aggravation, however, is not applicable unless the preservice disability underwent an increase in severity during service. *Hunt v. Derwinski*, 1 Vet.App. 292, 296 (1991); *see also Browder v. Brown*, 5 Vet.App. 268, 271 (1993) (Board must "explain the criteria it used to determine whether there was an increase in disability of [preexisting condition] during service and how, pursuant to such criteria, it concluded that [there was no in-service worsening]."). "The determination of whether a preexisting disability was aggravated by service is a question of fact." *Doran*, 6 Vet.App. at 286. We review the Board's determination of aggravation, like other findings of fact, under the clearly erroneous standard. *Id.* at 287; *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990).

The Board had previously denied the appellant's claim for service connection in October 1990, and the appellant had appealed

that decision to this Court. On April 17, 1992, in connection with that appeal, the Secretary filed a motion to remand the case to the Board, arguing that the Board

> hinged its decision ... on the question of aggravation, without an articulation of the reasons or bases for its factual finding that his condition preexisted service. Although the only indication of a "preexisting" psychiatric disorder was the Appellant's own statement on his July 1988 claim for compensation regarding "aggravation" of a psychiatric disorder, and his statement on his September 1989 Appeal to the BVA in which he related that he had been denied enlistment into the U.S. Marine Reserve because of anxiety, BVA did not fully discuss these factors or include the statutory and regulatory provisions relating to the presumption of soundness, 38 U.S.C. § 1111 and 38 C.F.R. § 3.304(b). Although the Appellant reported complaints of nervousness shortly after entry into his period of active duty for training, BVA did not fully discuss the provisions of 38 C.F.R. § 3.303(c). Under that section, symptoms of chronic disease from date of enlistment, or so close thereto that the disease could not have originated in so short a period, will establish preservice existence thereof.

R. at 96. On March 24, 1993, the Court granted the Secretary's motion and remanded the case for further proceedings consistent with the Secretary's motion. R. at 101.

On remand, in its September 1993 decision, the Board first addressed the issue of the presumption of soundness. The Board reasoned that "[s]ince the appellant had only active duty for training, and he is not otherwise a veteran (*for example, by reason of having a service[-]connected disability*), he is not a veteran and[ ] is therefore not entitled to the presumption of soundness." *Paulson,* BVA 93–18683, at 4 (emphasis added). Since the Board found that the presumption of soundness did not apply, it stated that

> if the evidence with respect to the preservice existence of a psychiatric disability is either in equipoise or weighs in favor of the appellant, then the conclusion must be

that the condition did not exist prior to service. A finding of preservice existence must be supported by a preponderance of the evidence.

*Ibid.*

For the purposes of title 38 of the United States Code, "[t]he term 'veteran' means a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2); *see also* 38 C.F.R. § 3.1(d) (1994). In turn,

> [t]he term "active military, naval, or air service" includes active duty, *any period of active duty for training during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty,* and any period of inactive duty training during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty.

38 U.S.C. § 101(24) (emphasis added); *see also* 38 C.F.R. § 3.6(a) (1994).

The Board denied the appellant the presumption of soundness on the ground that he could not be a veteran since active duty for training qualifies as "active military, naval or air service" only if the individual has *previously* been found to suffer from a service-connected disability.

In support of the Board's interpretation, in his brief, the Secretary cites two cases from this Court. The first case, *Brooks v. Brown,* 5 Vet.App. 484, 485–86 (1993), is not on point because it concerns language in 38 U.S.C. § 101(24) regarding *inactive* duty for training and the distinction between diseases and injuries incurred or aggravated in the line of duty. In *Biggins v. Derwinski,* 1 Vet.App. 474, 478 (1991), the Court held that a claimant's "period of active duty for training was not one 'during which [she] was disabled ... from a disease or injury incurred in or aggravated in line of duty' " and, therefore, she was not entitled to a statutory presumption for multiple sclerosis under 38 U.S.C. § 312(a)(4) (now 38 U.S.C. § 1112(a)(4)). The Court reasoned,

> In the absence of any other claimed or documented *disability* from injury or dis-

ease during her period of active duty for training, it necessarily follows that her period of active duty for training was not one "during which [appellant] was disabled ... from a disease or injury incurred in or aggravated in line of duty."

*Biggins,* 1 Vet.App. at 478 (emphasis added; alteration in original). In his concurring opinion in *Biggins,* 1 Vet.App. at 479, Judge Kramer referred to a "Catch–22" potentially presented by the statutory structure "that if both disease and disability must actually be present during active duty for training, use of the presumption may never be possible." However, that opinion, when read in its entirety to include both Judge Kramer's and Judge Steinberg's concurring opinions, leaves this Court with one conclusion: an individual who has served only on active duty for training must establish a service-connected disability in order to achieve veteran status and to be entitled to compensation. The definitional statute, 38 U.S.C. § 101(24), makes a clear distinction between those who have served on active duty and those who have served on active duty for training (as well as those who have served on inactive duty for training). That distinction dictates the conclusion in this case. Since the appellant served only on active duty for training and has not established any service-connected disability, the Board did not err in concluding that the presumption of soundness was inapplicable to the appellant's case.

■ That, however, does not end our inquiry. In this case, the only evidence that the appellant may have had a preexisting psychiatric disorder is his own statement on a VA Form 1–9 that he was denied enlistment in the United States Marine Reserves because he was diagnosed with anxiety. R. at 51. In a recent case, the Court evaluated "whether a lay veteran's written statement about what a doctor told him can constitute the medical evidence of causation/etiology of a current disability during service that is generally necessary in order for a claim to be well grounded." *Robinette v. Brown,* —— Vet.App. ——, ——, No. 93–985, slip op. at 8, 1994 WL 495078 (Sept. 12, 1994), *reconsideration granted on other grounds* (Oct. 21, 1994). Just as a layperson's account of what a physician may or may not have diagnosed

is insufficient to render a claim well grounded, similarly, such a statement does not constitute the type of evidence that would serve as the basis for the Board's finding that the psychiatric condition preexisted service. The appellant's account of a prior condition is therefore an inadequate basis upon which the Board could have concluded that he had a condition that preexisted service.

In support of its finding that the psychiatric disorder preexisted service, the Board also relied on 38 C.F.R. § 3.303(c) (1994). That regulation provides, in pertinent part, as follows:

There are medical principles so universally recognized as to constitute fact (clear and unmistakable proof), and when in accordance with these principles existence of a disability prior to service is established, no additional or confirmatory evidence is necessary.... In the field of mental disorders, personality disorders *which are characterized by developmental defects or pathological trends in the personality structure manifested by a lifelong pattern of action or behavior, chronic psychoneurosis of long duration or other psychiatric symptomatology shown to have existed prior to service with the same manifestations during service, which were the basis of the service diagnosis,* will be accepted as showing preservice origin.

*Ibid.* (emphasis added). In its September 1993 decision, the Board reasoned:

Given the fact that an anxiety reaction was shown shortly after the appellant entered active duty for training, and in light of his assertions about failing a physical examination for entry into the Marines in December 1961, it is clear that the evidence weighs heavily in favor of a conclusion that the anxiety existed prior to entry onto active duty for training.

*Paulson,* BVA 93–18683, at 5. The Board's reliance on the regulation, however, does not salvage its decision. As the Court held in *Browder,* 5 Vet.App. at 272, the Board is required to support its findings under 38 C.F.R. § 3.303(c) with a statement of reasons or bases that is adequate to enable a claimant to understand the basis for the Board's

decision and to permit effective judicial review. *See* 38 U.S.C. § 7104(d)(1).

In addition, the Board may not rely on a regulation as a substitute for the requirement that it rely on independent medical evidence. *See Colvin v. Derwinski*, 1 Vet. App. 171, 175 (1991) (Board may consider only independent medical evidence to support its findings). Without independent medical evidence in the record, the regulation, standing alone, does not support a finding that the appellant's condition preexisted service. In this case, the Board stated that the appellant's psychiatric condition became manifest shortly after his entry into active duty for training when, in fact, the record indicates that the first (and only) in-service notation of anxiety occurred in July 1962 (R. at 26), *more than three months after the start of the appellant's period of service (see R. at 15)*. Furthermore, as we have explained above, the appellant's own statement regarding the circumstances surrounding a prior denial of enlistment, which formed the other basis for the Board's finding, is not competent medical evidence that the appellant suffered from the same psychiatric disorder both prior to and during his period of active duty for training. On remand, reliance by the Board on 38 C.F.R. § 3.303(c) must be supported by a statement of reasons or bases that is not merely conclusory or predicated on an inadequate basis. *See, e.g., Junstrom v. Brown*, 6 Vet.App. 264, 267 (1994).

In its September 1993 decision, the Board also failed to apply the statutory presumption of aggravation under 38 U.S.C. § 1153 on the same grounds as those for not applying the presumption of soundness. *See Paulson*, BVA 93–18683, at 5. In light of our reasoning above, the Board's conclusion was not in error. Nevertheless, on remand, if warranted in light of its findings on the issue of whether the appellant's condition preexisted service, the Board should also readjudicate the issue of in-service aggravation.

### III. CONCLUSION

Accordingly, upon consideration of the record, appellant's brief, and the Secretary's brief, the Court VACATES the Board's September 1993 decision and REMANDS the case for readjudication consistent with this opinion.