Citation Nr: 1008495 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-16 293A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, 
Alabama


THE ISSUES

1. Entitlement to service connection for chronic fatigue, to 
include as due to an undiagnosed illness.

2. Entitlement to service connection for joint pain, to 
include as due to an undiagnosed illness.

3. Entitlement to service connection for muscle pain, to 
include as due to an undiagnosed illness.

4. Entitlement to service connection for a sleep disorder 
(claimed as inability to sleep), to include as due to an 
undiagnosed illness.

5. Entitlement to service connection for mood swings, to 
include as due to an undiagnosed illness.

6. Entitlement to service connection for memory loss, to 
include as due to an undiagnosed illness.

7. Entitlement to service connection for viral infections, 
to include as due to an undiagnosed illness.


REPRESENTATION

Veteran represented by: Alabama Department of Veterans 
Affairs


ATTORNEY FOR THE BOARD

T. Adams, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1990 to 
December 1992. He also served in Southwest Asia during the 
Persian Gulf War from February 1991 to March 1991, with 
additional service in the Army National Guard.

This case is before the Board of Veterans' Appeals (Board) on 
appeal from a December 2006 rating decision of the Department 
of Veterans Affairs (VA) Regional Office (RO) in Montgomery, 
Alabama, that denied the benefits sought on appeal.

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, D.C. VA will notify the Veteran 
if further action is required.


REMAND

A review of the record indicates that further development is 
necessary with respect to all of the Veteran's service 
connection claims. Although the Board regrets the additional 
delay, a remand is necessary to ensure that due process is 
followed and that there is a complete record upon which to 
decide the Veteran's claims so that he is afforded every 
possible consideration. 38 U.S.C.A. § 5103A; 38 C.F.R. § 
3.159.

Additional treatment records relevant to the Veteran's 
claimed mood swings and memory loss may be outstanding. The 
Board notes that in May 2003 the Veteran indicated that he 
received counseling at Bayview Professional Associates in 
Mobile, Alabama. Accordingly, the Veteran's private 
treatment records should be obtained.

In addition, the precise dates of the Veteran's service are 
not entirely clear. Active military, naval, or air service 
includes any period of active duty training during which the 
individual concerned was disabled or died from a disease or 
injury incurred in or aggravated in line of duty, or any 
period of inactive duty training during which the individual 
concerned was disabled or died from injury incurred in or 
aggravated in line of duty. 38 U.S.C.A. § 101(21), (24) 
(West 2002); 38 C.F.R. § 3.6(a), (d) (2009). Active duty 
training includes full-time duty in the Armed Forces 
performed by Reserves for training purposes. 38 C.F.R. 
§ 3.6(c)(1) (2009). Service connection may be granted for 
disability resulting from disease or injury incurred in or 
aggravated during active duty training, or from injury 
incurred or aggravated during inactive duty training. 
38 U.S.C.A. §§ 101(24), 106, 1131 (West 2002). However, the 
presumptions do not apply to active duty training or inactive 
duty training. Biggins v. Derwinski, 1 Vet. App. 474 (1991).

In order for the Veteran to be eligible for service 
connection for chronic fatigue, joint pain, muscle pain, a 
sleep disorder, mood swings, memory loss, and viral 
infections during his service, the record must establish that 
it is at least as likely as not that he was disabled during 
active duty for training due to a disease or injury incurred 
or aggravated in the line of duty. Mercado-Martinez v. West, 
11 Vet. App. 415 (1998); Paulson v. Brown, 7 Vet. App. 466 
(1995). The Veteran claims that his chronic fatigue, joint 
pain, muscle pain, sleep disorder, mood swings, and memory 
loss were incurred during his service in June 1993 and that 
he served in the Army National Guard from January 1993 to 
August 1993. While the Veteran's service personnel and 
service treatment records from his first period of service 
have been obtained, the service personnel and service 
treatment records that pertain to the Veteran's National 
Guard service have not been obtained. Since Veteran status 
depends, in part, on whether the Veteran's chronic fatigue, 
joint pain, muscle pain, a sleep disorder, mood swings, 
memory loss, and viral infection were incurred in or 
aggravated during active service, or active or inactive duty 
for training, an attempt should be made to obtain 
documentation of the specific dates of service and service 
treatment records.

The Veteran claims that his chronic fatigue, joint pain, 
muscle pain, a sleep disorder, mood swings, and memory loss 
are related to his service in the National Guard and that his 
viral infection was incurred after his National Guard 
service. The service treatment records from the Veteran's 
first period of service reflect treatment for a strained 
right knee and an upper respiratory infection in September 
1990, an upper respiratory infection in December 1991, and 
musculoskeletal pain in October 1992. In July 1992, he was 
treated for a suspected sexually transmitted disease and in 
October 1992 was assessed as having positive Chlamydia 
contact. Post-service treatment records include private 
treatment records dated in May 2000 that reflect an 
assessment of fatigue and an assessment of a sleep 
disturbance and nightmares in May 2001. A March 2003 private 
psychiatric evaluation reflects the Veteran's complaints that 
he could not sleep and was tired and irritable. However, his 
memory was not impaired. On VA examination in September 
2003, there was no evidence of any gross memory loss and the 
Veteran was diagnosed with anxiety disorder, not otherwise 
specified. On VA examination in September 2006, the Veteran 
again complained of chronic fatigue and irritability, but was 
diagnosed with chronic posttraumatic stress disorder (for 
which service connection has been granted).

VA's duty to assist includes a duty to provide a medical 
examination or obtain a medical opinion where it is necessary 
to make a decision on the claim. 38 U.S.C.A. § 5103A(d); 
38 C.F.R. 3.159(c)(4) (2009); Robinette v. Brown, 8 Vet. 
App. 69 (1995). Although the Veteran is competent to report 
the onset of chronic fatigue, joint pain, muscle pain, a 
sleep disorder, mood swings, memory loss, and viral 
infections during and after his service, he is not competent 
to diagnose or to relate any current chronic fatigue, joint 
pain, muscle pain, sleep disorder, mood swings, memory loss, 
or viral infections to his active service. Accordingly, the 
Board finds that VA examinations are necessary in order to 
fairly decide his claims. McLendon v. Nicholson, 20 Vet. 
App. 79 (2006).

Accordingly, the case is REMANDED for the following action:

1. Contact the United States Army 
Personnel Center, or any other appropriate 
service department office, and obtain 
service personnel records, including the 
Veteran's NGB Form 22, and complete 
service treatment records that document 
the specific dates of the Veteran's active 
duty, and active and inactive duty 
training for all periods of service. A 
formal determination, pursuant to 
38 C.F.R. § 3.159(c)(2), must be entered 
if it is determined that the above records 
or information do not exist or that 
efforts to obtain them would be futile. 
In the event that it is determined that 
the records are unavailable, provide the 
Veteran with appropriate notice under 
38 C.F.R. § 3.159(c), and give him an 
opportunity to respond.

2. After obtaining the necessary 
authorization, obtain the Veteran's 
private treatment records from Bayview 
Professional Associates in Mobile, Alabama 
and any additional providers and treatment 
records identified by the Veteran. All 
attempts to secure the records must be 
documented in the claims folder.

3. After completing the above, the 
Veteran should be scheduled for a VA 
examination by a physician with the 
appropriate expertise to determine the 
nature and etiology of the Veteran's 
claimed chronic fatigue, joint pain, 
muscle pain, a sleep disorder, mood 
swings, memory loss, and viral infections. 
The examiner must review the claims file 
before completing the examination report. 
The examiner should identify any objective 
evidence of the Veteran's claimed chronic 
fatigue, joint pain, muscle pain, a sleep 
disorder, mood swings, memory loss, and 
viral infections; render a diagnosis with 
respect to each claimed symptom which is 
due to a known clinical diagnosis; and 
provide an opinion with respect to each 
currently diagnosed disorder as to whether 
it is likely, unlikely, or at least as 
likely as not that the disorder is 
etiologically related to the Veteran's 
military service. The examiner should 
also specifically identify any objectively 
demonstrated symptoms that are not 
attributable to a known clinical diagnosis 
and whether such constitute a medically 
unexplained chronic multisymptom illness. 
The examiner should further indicate 
whether such disabilities existed for 6 
months or more or whether they exhibit 
intermittent worsening over a 6 month 
period. In rendering his or her opinions, 
the examiner must consider the Veteran's 
statements regarding the onset of his 
claimed chronic fatigue, joint pain, 
muscle pain, a sleep disorder, mood 
swings, memory loss, and viral infections, 
and his statements regarding the 
continuity of symptomatology of each 
claimed disorder. Dalton v. Nicholson, 
21 Vet. App. 23 (2007). The examiner 
should provide the supporting rationale 
for each opinion expressed.

4. After completing the above, and any 
other development as may be indicated by 
any response received as a consequence of 
the actions taken in the preceding 
paragraphs, the Veteran's service 
connection claims should be readjudicated 
based on the entirety of the evidence. If 
the claims remain denied, the Veteran and 
his representative should be issued a 
supplemental statement of the case. An 
appropriate period of time should be 
allowed for response.

The Veteran has the right to submit additional evidence and 
argument on the matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board or 
the United States Court of Appeals for Veterans Claims for 
development or other action must be handled in an expeditious 
manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).


_________________________________________________
A. JAEGER
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).