Citation Nr: 1706054 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 07-34 135 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Basic eligibility for nonservice-connected pension benefits. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Sherrard, Counsel


INTRODUCTION

The Veteran was a member of the Puerto Rico Army National Guard from March 1972 to February 1977. He had subsequent active duty service with the Army from February 1977 until August 1978. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from July 2006 and February 2007 rating decisions from the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico. 

In a February 2009 decision, the Board found that basic eligibility for non-service-connected pension benefits was not established and denied the appeal. The Veteran appealed the Board's decision to the Court of Appeals for Veterans Claims (Court). In a January 2011 Memorandum Decision, the Court vacated the Board's February 2009 decision and remanded the case back to the Board for compliance with instructions provided in the Memorandum Decision. In May 2011, the Board remanded the case for further development, as requested by the Court. The development requested having been completed, the case is now appropriate for appellate review. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

The Veteran did not have active service during a period of war as recognized by VA.


CONCLUSION OF LAW

The criteria for eligibility for nonservice-connected pension have not been met. 38 U.S.C.A. §§ 101, 1521 (West 2014); 38 C.F.R. §§ 3.2, 3.3, 3.6 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Nonservice-connected disability pension payments may be made to a veteran of a war who has the requisite service and who is permanently and totally disabled. 38 U.S.C.A. § 1521(a). A veteran meets such service requirements if such veteran served in the active military, naval, or air service under one of the following conditions: (1) for ninety days or more during a period of war, (2) during a period of war and was discharged or released from such service for a service-connected disability, (3) for a period of ninety consecutive days or more and such period began or ended during a period of war, or (4) for an aggregate of ninety days or more in two or more separate periods of service during more than one period of war. 38 U.S.C.A. § 1521(j); 38 C.F.R. § 3.3(a)(3).

The term "active military, naval, or air service" includes: (1) active duty; (2) any period of active duty for training (ADT) during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in the line of duty; and (3) any period of inactive duty for training (IADT) during which the individual concerned was disabled or died from an injury incurred or aggravated in the line of duty. 38 U.S.C.A. § 101(2), (24); 38 C.F.R. § 3.6(a).

Active duty means full-time duty in the Armed Forces, other than active duty for training. 38 U.S.C.A. § 101(21); 38 C.F.R. § 3.6(b). Active duty for training means full-time duty in the Armed Forces performed by Reserves for training purposes or, in the case of members of the Army National Guard of any state, full-time duty under section 316, 502, 504, or 505 of Title 32. 38 U.S.C.A. § 101(22); 38 C.F.R. § 3.6(c).

VA presently recognizes the following as periods of war: January 1, 1817 through December 31, 1898, inclusive; April 21, 1898 through July 4, 1902, inclusive; May 9, 1916 through April 5, 1917; April 6, 1917 through November 11, 1918, inclusive; December 7, 1941 through December 31, 1946, inclusive; June 27, 1950 through January 31, 1955, inclusive; August 5, 1964 through May 7, 1975, inclusive; and August 2, 1990 through a date to be prescribed by Presidential proclamation or law. 38 C.F.R. § 3.2.

In the present case, the Veteran did not have the requisite active duty service during a period of war. Specifically, the Veteran's active duty with the Army commenced in February 1977, almost two years after the end of the Vietnam conflict as defined by 38 U.S.C.A. § 101(29); 38 C.F.R. § 3.2(f).

However, the Veteran contends that he satisfies the basic eligibility requirement for non-service-connected pension benefits of having "active military, naval, or air service" for ninety days or more during a period of war. See 38 U.S.C.A. § 1521(j); 38 C.F.R. § 3.3(a)(3). He does not contend, nor does the evidence show, that his active duty service from February 1977 to August 1978 was during any period of war or conflict. Rather, he essentially points out that he served on active duty for training (ADT) during the Vietnam conflict period of war, defined above, from March to October 1972. 

In addition to his active service from February 1977 to August 1978, the Veteran's DD-214 reflects that he had six months and sixteen days of previous active service. Service personnel records also reveal that the Veteran was ordered to twenty weeks of ADT with the Puerto Rico Army National Guard in May 1972. Finally, a September 1976 Memorandum re: Request for Order to Involuntary Active Duty lists specific dates of ADT and IADT prior to September 1976, including a 125 day period of ADT from June 8, 1972, to October 13, 1972.

However, even though the record reflects a period of ADT from June to October 1972, which would constitute over 90 days of service during a period of war, such service is not sufficient to warrant a grant of pension. Specifically, there is no indication that the Veteran served for an organization other than the Army National Guard of Puerto Rico prior to February 1977. As his only prior service was with the National Guard, any prior service deemed to be active duty service would necessarily be a period of ADT or IADT. The Veteran has not alleged otherwise. 

Therefore, in order for the Veteran's ADT with the National Guard to meet the basic service requirements for pension benefits, the evidence must establish that, during a period of active duty for training, the Veteran became disabled from a disease or injury incurred or aggravated in the line of duty. 38 U.S.C.A. § 101(24); 38 C.F.R. § 3.6(a). In this case, the record does not reflect that the Veteran is currently in receipt of service connection for any disease or injury. Furthermore, the Veteran has not alleged, nor does the record currently reflect, that he became disabled from a disease or injury incurred or aggravated from the National Guard service. 

To address the concerns outlined in the Court's April 2011 Memorandum Decision, the Board notes that the Court has previously held that "an individual who has served only on [ADT] must establish a service-connected disability in order to achieve [V]eteran status . . ." Paulson v. Brown, 7 Vet. App. 466, 470 (1995). A "Veteran" is "a person who served in the active military, naval, or air service . . ." 38 U.S.C.A. § 101(2). It readily follows that the Veteran here (who is referred to as a Veteran solely by virtue of his active service from February 1977 to August 1978) must establish a service-connected disability in order for his ADT duty to qualify as "active military, naval, or air service." 

Indeed, the legal and regulatory definition of "service-connected" mirrors the language in 38 U.S.C.A. § 101(24)(B) and 38 C.F.R. § 3.6(a) for when ADT constitutes "active military, naval, or air service." 38 C.F.R. § 3.1(k) provides that "service-connected means, with respect to disability . . . that such disability was incurred or aggravated . . . in line of duty in the active military, naval, or air service." See also 38 U.S.C.A. § 101(16). By contrast, 38 C.F.R. § 3.1(l) provides that "nonservice-connected means, with respect to disability . . . that such disability was not incurred or aggravated . . . in line of duty in the active military, naval, or air service." See also 38 U.S.C.A. § 101(17). 

Moreover, 38 U.S.C.A. § 1521(j)(1), (2) specifically states that in order to meet the requirements of nonservice-connected pension, the Veteran must have, in pertinent part, served on active duty for a period of ninety days or more during a period of war; or served "during a period of war and was discharged or released from such service for a service-connected disability" [emphasis added]. The latter clause of the above sentence, contained in 38 U.S.C.A. § 1521(j)(2), clearly states that in the event a Veteran's active duty service was less than ninety days during a period of war, eligibility for nonservice-connected pension would be precluded unless the Veteran was discharged or released from such service for a service-connected disability. In light of the above, it seems unlikely that Congress intended for an individual serving on ADT during a period of war to be entitled to nonservice-connected benefits short of gaining service-connected status. Otherwise, it would appear that a non-veteran could be entitled to nonservice-connected benefits under circumstances that an active duty Veteran would not.

Subsequent to the Board's February 2009 denial of the benefits on appeal and its May 2011 remand, the Veteran's service personnel records and service treatment records were associated with the claims file. Review of these records does not reveal that the Veteran in this case became disabled from a disease or injury incurred or aggravated from the National Guard service. Indeed, examination reports from March 1972 and September 1972 - particularly relevant given the Veteran's contention and personnel records indicating that he had a period of ADT in 1972 - reveal normal clinical evaluations and do not note any defects. In addition, a Medical Condition Physical Profile Record dated in June 1977, several months after his separation from the National Guard, indicates that his prior PULHES was 111111, and that his present PULHES was T2 11111, with the only defect being a "shaving problem." Moreover, these records tend to confirm that the Veteran had only periods of ADT and IADT during his National Guard service from March 1972 to February 1977. 

For these reasons, the Board finds that although it appears that the Veteran served on ADT for ninety days or more during a period of war, this service did not constitute "active military, naval, or air service" for the purpose of eligibility for nonservice-connected pension. 

In Sabonis v. Brown, 6 Vet. App. 426 (1994), the Court held that in cases in which the law and not the evidence is dispositive, a claim for entitlement to VA benefits should be denied or the appeal to the Board terminated because of the absence of legal merit or the lack of entitlement under the law. Id. at 430. As the Veteran does not have the requisite military service during a period of war, the provisions of 38 U.S.C.A. §§ 101(10) and 1521 as well as 38 C.F.R. §§ 3.2 and 3.3 preclude eligibility to nonservice-connected pension benefits. As the disposition of this claim is based on the law as applied to undisputed facts, the claim must be denied based on a lack of entitlement under the law.

Finally, as provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). 

In the present case, however, the application of the law to the undisputed facts is dispositive of this appeal and as such no discussion of VA's duties to notify and assist is necessary. See Mason v. Principi, 16 Vet. App. 129 (2002). That being said, a Veteran "as a matter of law, [has] the right to compliance with the remand orders" contained in a decision of the Court. Forcier v. Nicholson, 19 Vet. App. 414, 425 (2006). For that reason, the Board remanded the case in May 2011, and, subsequently, the Veteran's service personnel and service treatment records were obtained and associated with the claims file. Therefore, to the extent that compliance with the Court's decision was necessary, the Board finds that VA's duty to assist has been satisfied, and that no further development is required. 


ORDER

Nonservice-connected pension is denied. 




____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs