﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 181222-1441
DATE: March 18, 2019

ORDER

Entitlement to service connection for obstructive lung disease with bronchitis (originally claimed as residuals of a lung injury) is denied.

FINDINGS OF FACT

1. The Appellant had a lung disability that preexisted his periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA). 

2. The probative medical evidence has shown that the Appellant’s current lung disability, asthma, was not aggravated during a period of ACDUTRA or INACDUTRA.

CONCLUSION OF LAW

The criteria for service connection for a lung disability have not been met. 38 U.S.C. §§ 1131, 1153, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.306. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Appellant served on active duty for training (ACDUTRA) from March 5, 1978 to March 28, 1978. He also had Army National Guard service from August 7, 1977 to March 4, 1978. He has not claimed to have any periods of active duty service.

This matter previously came before the Board of Veterans’ Appeals (Board) on appeal from a March 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which concluded that new and material evidence had been received, and subsequently reopened and denied the Appellant’s claim of entitlement to service connection for obstructive lung disease with bronchitis. 

In August 2011, the Appellant testified at a Travel Board hearing before the undersigned Veterans Law Judge (VLJ) at the RO in St. Petersburg, Florida. A transcript of the hearing has been associated with the appellant’s claims folder. Of note, in opting into RAMP, the appellant withdrew his previous appeal, and as such, his case is no longer attached to the VLJ who conducted the 2011 hearing.

In June 2013, the Board remanded the matter on appeal for additional substantive development, to include having the RO verify the Appellant’s dates of INACDUTRA, request private treatment records and to schedule him for a VA examination. VA examined the Appellant in March 2014. The VA physician provided an addendum opinion in June 2014. (See March and June 2014 VA examination report and addendum opinion, respectively). In its Introduction in June 2013, the Board noted that it would adjudicate the matter on a de novo basis without the need for receipt of new and material evidence because of the receipt of service treatment records that were not of record at the time of the RO’s final adjudication. 

In October 2014, the Board remanded the matter on appeal to obtain an addendum opinion from a VA physician, who had provided opinions as to the etiology of the appellant’s lung disability in March and June 2014. In February 2016, a VA Physician’s Assistant (PA) provided the requested opinion. The matter has returned to the Board for further appellate consideration.

The Appellant was previously represented by Kenneth LaVan, Attorney at law. By written statement, received by VA in August 2015, Kenneth LaVan withdrew his representation of the Appellant. The Appellant is currently unrepresented in the instant appeal. 

In September 2016, the Board remanded the claim for additional development. Specifically, to obtain outstanding private treatment records and an addendum medical opinion. Thereafter, VA obtained private medical records, dated from January 2012 to November 2015. VA examined the appellant in August 2017, and an addendum opinion was provided in February 2018. (See August 2017 Respiratory Disability Benefits Questionnaire (DBQ) and February 2018 addendum opinion). Thus, the requested development has been accomplished, and the Board will proceed with its appellate review of the claim. 

In March 2018, the appellant filed an Opt-in Election form for the Rapid Appeals Modernization Program (RAMP) Direct Review. This decision has been written consistent with the new Appeals Modernization Act (AMA) framework. The appellant elected to participate in RAMP per his opt-in election of March 2018, in which he elected a higher-level review or a direct docket appeal lane. This review will be based upon the evidence already submitted to VA as of the date of the appellant’s election and VA will not seek additional evidence on his behalf as part of the higher-level review. (See RAMP Opt-in Election March 2018 and RAMP Opt-In Notice April 2018.)

The Appellant contends that he developed obstructive lung disease with bronchitis during ACDUTRA and that the disease has been chronic ever since; he specifically avers that he was in sound condition at the time of enlistment and that the condition did not exist prior to that time. In a statement, received in July 1978, the Appellant indicated that he had had respiratory problems ever since an accident while working on a sandblasting machine in August 1977 during Army National Guard service. Thus, the Board observes that the Appellant has essentially asserted that he injured his lungs in a sandblasting accident during a period of inactive duty for training (INACDUTRA). In a January 2009 statement, the Appellant indicated that, although he had an acute lung infection prior to enlistment in the Army National Guard, the infection had been entirely cured. He also maintains that he experienced breathing problems while at home in early 1978 sometime after enlisting in the Army National Guard but prior to entering ACDUTRA and that he had been diagnosed with bronchitis and some other lung disease. (See August 2011 Board hearing transcript (T.)). 

Service connection will be granted on a direct basis if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303 (a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009). 

The term “veteran” is defined in 38 U.S.C. § 101 (2) as “a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.” 

ACDUTRA in the Armed Forces is performed by Reserves for training purposes or by members of the National Guard of any state. 38 U.S.C. § 101 (22); 38 C.F.R. §3.6 (c)(1). INACDUTRA, on the other hand, is part-time duty in the Armed Forces performed by Reserves for training purposes or by members of the National Guard of any state. 38 U.S.C. § 101 (22); 38 C.F.R. § 3.6 (c)(1). 

Active military service includes any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred in or aggravated in line of duty, or any period of inactive duty for training during (INACDUTRA) which the individual concerned was disabled or died from an injury (but not disease) incurred in or aggravated in line of duty. 38 U.S.C. § 101 (21) and (24); 38 C.F.R. § 3.6 (a) and (d). 

When a claim for service connection is based only on a period of ACDUTRA or INACDUTRA, there must be evidence that the appellant became disabled as a result of a disease or injury incurred or aggravated in the line of duty during that period of ACDUTRA or INACDUTRA for service connection to be granted. 38 U.S.C. §§ 101 (2), (22), (24); 38 C.F.R. § 3.6 (a); Donnellan v. Shinseki, 24 Vet. App. 167, 172 (2010); Acciola v. Peake, 22 Vet. App. 320, 324 (2008). In the absence of such evidence, the period of ACDUTRA or INACDUTRA would not qualify as “active military, naval, or air service,” and the appellant would not qualify as a “veteran” for that period of ACDUTRA or INACDUTRA service alone. 38 U.S.C. § 101 (2), (24); Acciola, 22 Vet. App. at 324. 

Generally, no presumptions (including the presumptions of soundness, aggravation, or for presumptive diseases) apply to periods of ACDUTRA and INACDUTRA unless “veteran” status is attained during those periods. Paulson v. Brown, 7 Vet. App. 466, 470 (1995). As to the presumption of soundness, it does not apply to an appellant who had only ACDUTRA service and who is not otherwise a veteran. Id. Even for veterans who have achieved “veteran” status through a prior period of active service and now claim a disability incurred only during a later period of ACDUTRA, the presumption of soundness applies only when the veteran has been “examined, accepted, and enrolled for service” and where that examination revealed no “defects, infirmities, or disorders.” Smith v. Shinseki, 24 Vet. App. 40, 45-46 (2010). In essence, there must be an entrance examination prior to the period of ACDUTRA (or INACDUTRA) in which the veteran claims the disease or injury occurred; otherwise, the presumption of soundness does not attach. Id. at 45-46. Moreover, if the appellant has not achieved “veteran” status through a prior period of service, then the presumption of soundness does not attach to a period of ACDUTRA (or INACDUTRA), no matter if an examination occurred prior to the period of ACDUTRA (or INACDUTRA). Id. 

The Board notes that in the case at hand, that the Appellant is not a “veteran” for the purposes of the benefit he seeks, which is based solely on his periods of INACDUTRA and ACDUTRA. Donnellan v. Shinseki, 24 Vet. App. at 172 (2010) (observing that the determination of “veteran” status is a predicate ruling prior to findings of service connection).

The Board will deny the claim for service connection for a lung disability because the preponderance of the evidence of record is against a finding that the appellant’s preexisting lung disability was aggravated beyond its normal progression during a period of ACDUTRA or INACDUTRA. 

During the appellant’s August 1977 Army National Guard enlistment examination, he reported no history of respiratory problems and examination revealed a normal clinical evaluation of the lungs and chest and a negative chest x-ray. He entered ACDUTRA on March 5, 1978. On March 10th, he complained of chest pain, coughing up blood and large amounts of yellow mucous; and was diagnosed with a possible upper respiratory infection. March 13th pulmonary function tests showed moderate obstruction and restrictive changes. A March 14th consult report reflects a diagnosis of chronic bronchitis with obstructive airway disease. A March 16th report of medical history for Medical Evaluation Board purposes shows that he had obstructive lung disease with shortness of breath and chest pain that existed prior to service. The report also shows that he had a history of coughing up blood prior to service. Chest x-rays at that time were normal. A March 21st clinical record shows a history of emphysema for two years prior to entering ACDUTRA and a diagnosis of obstructive lung disease with chronic bronchitis. An April 1978 service personnel record reflects that the appellant was being discharged for failure to meet the physical qualifications for enlistment.

Post-service VA and private medical evidence reflect that the Appellant has been diagnosed as having asthma and bronchitis.

There are several VA opinions of record that address the etiology of the appellant’s lung disability and they are against the claim. 

VA examined the appellant in March 2014. At the close of the examination, the VA physician stated that the record clearly showed that the Appellant’s lung condition had existed two (2) years prior to service entrance, and that he was found unfit for military service in March 1978 due to a lung condition. The March 2014 VA physician further related that it was less likely than not the Appellant’s obstructive lung disease with bronchitis had been permanently aggravated during military service. The VA physician reasoned that the appellant most likely had a chronic lung condition prior to joining the service (ACDUTRA) and that it had naturally progressed with time. In reaching this conclusion, the VA examiner noted that the pulmonary function tests performed in March 1978 were consistent with obstructive lung disease. (See March 2014 VA examination report, received and uploaded to the appellant’s VBMS electronic claims file, at page (pg.) 1).

The March 2014 examiner provided a supplemental opinion in June 2014. (See June 2014 VA opinion uploaded to the appellant’s Virtual VA electronic claims file). The VA examiner concluded that the Appellant’s lung condition was less likely than not to have had its onset during his period of INACDUTRA from August 7, to August 31, 1977. The VA examiner reasoned that the appellant had a lung condition prior to his entrance onto INACDUTRA. The VA examiner reasoned that the appellant was hospitalized in March 1978 for symptoms secondary to emphysema, which was prior to having been exposed to a sandblasting machine; thus, it would appear that his respiratory symptoms were not aggravated beyond their natural progression. Id.

In October 2014, the Board again remanded the claiming noting that the VA examiner’s June 2014 opinion as to the Appellant’s respiratory condition and its relationship to his period of INACDUTRA was based on an inaccurate premise, namely that his March 1978 hospitalization for emphysema was prior to him having been exposed to a sandblasting machine. The Board noted that the Appellant had maintained, and that it had no reason to doubt his credibility, that he had been exposed to a sandblasting machine during his period of INACDUTRA in August 1977, which was prior to his March 1978 hospitalization for emphysema, and not subsequent thereto. 

In response, in February 2016, a VA examiner reviewed and signed-off on the VA physician’s March and June 2014 opinions without any explanation, rationale or discussion of the discrepancy in the previous VA opinions and the Appellant’s report of having injured his lungs in an accident while working on a sandblasting machine occurred during his period of INACDUTRA in August 1977, which was prior (italics added for emphasis) to his March 1978 hospitalization for emphysema, as directed by the Board in October 2014. As a result of the deficiencies in the February 2016 VA report, the Board once again remanded the claim for an additional VA examination and opinion. 

In August 2017, a VA examiner examined the appellant. (See August 2017 Respiratory Disability Benefits Questionnaire). The examiner provided an addendum opinion in February 2018. (See February 2018 VA medical opinion). The examiner diagnosed the appellant as having asthma. The examiner collectively opined that it was less likely as not (50 percent probability or greater) that the Appellant’s residuals of a lung disability had been aggravated (permanently increased in severity beyond the natural progression of the disorder) during or as a result of his period of INACDUTRA in August 1977, notably to a sandblast exposure that did not lead to a chronic lung issue [problem] in less than seven (7) months (i.e., March 1978 hospitalization for emphysema). In the February 2018 addendum opinion, the examiner augmented his opinion by indicating that there was no lung disability noted at the Appellant’s March 1978 discharge from ACDUTRA and that his asthma was likely the result of his two decades post-service employment in parks and recreation without restrictions. (See February 2018 VA opinion). 

Upon review of the evidence presented, the Board finds that the Appellant had a pre-existing lung disability prior to his August 1977 and March 1978 periods of INACDUTRA and ACDUTRA, respectively. The presumption of soundness and the presumption of aggravation of a chronic preexisting disease are not applicable. Biggins v. Derwinski, 1 Vet. App. 474 (1991). 

With respect to a claim for aggravation of a preexisting condition during a period of ACDUTRA or INACDUTRA, in order for a claimant to establish “veteran” status, the claimant must demonstrate both elements of aggravation - (1) that the preexisting disability permanently worsened in service, and (2) that such worsening was beyond the natural progression of the disease (i.e., such worsening was caused by service). Donnellan v. Shinseki, 24 Vet. App. 167 (2010). In such instances, the claimant is not entitled to the easier presumption of aggravation standard. See 38 U.S.C.A. § 1153; 38 C.F.R. § 3.306 (a). The standard of proof for the claimant is the “benefit of the doubt” standard; thus, the claimant must only show that there is an approximate balance of positive and negative evidence to prevail on this matter. Donnellan, 24 Vet. App. at 174. There is no shifting burden to VA as there is when the presumptions of soundness and aggravation apply. Donnellan, 24 Vet. App. at 175.

Here, the probative evidence of record does not show that the Appellant’s lung disability underwent a permanent increase in the underlying severity during ACDUTRA or INACDUTRA. There is no competent evidence of record to support a finding that the Appellant’s lung disability increased in symptomatology. The Board notes that the Appellant is competent to report his lung symptoms. 

The Appellant in this case is not competent to associate any of his claimed lung symptoms to his periods of ACDUTRA or INACDUTRA or opine on matters such as aggravation of his current lung disability. Such opinion requires specific training in the field of respiratory disabilities and the record does not show that the Appellant has such training or skills. His contention with regard to associating any of his lung symptoms to his periods of ACDUTRA or INACDUTRA or aggravation of pre-existing lung disability during his periods of ACDUTRA and INACDUTRA to be of minimal probative value and outweighed by the objective evidence of record, notably the February 2018 VA examiner’s opinion that it was less likely as not (50 percent probability or greater) that his lung disability had been aggravated (permanently increased in severity beyond the natural progression of the disorder) during or as a result of his period of INACDUTRA in August 1977, notably from a sandblast exposure and that it did not lead to a chronic lung issue [problem] in less than seven (7) months (i.e., March 1978 hospitalization for emphysema), and was the result of his two decades post-service employment in parks and recreation without restrictions. The VA examiner’s February 2018 opinion was based on review of a review of the Appellant’s medical history and is uncontroverted. 

The Board finds that the probative medical evidence of record does not show a “worsening” of the Appellant’s lung disability, and is more probative than the Appellant’s lay statements. The preponderance of the evidence is against a grant of service connection for a lung disability during the appellant’s periods of ACDUTRA or INACDUTRA and the claim must be denied. 

In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Carole Kammel, Counsel