﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200214-68201
DATE: January 29, 2021

ORDER

Service connection for a disorder manifested by thyroid dysfunction is denied.

Service connection for eczema is denied.

Service connection for menorrhagia is denied.

Service connection for insomnia is denied.

Service connection for type II diabetes mellitus is denied.

FINDINGS OF FACT

1. A disorder manifested by thyroid dysfunction is not attributable to service; the Appellant does not have a qualifying chronic disability; and thyroid dysfunction did not result from disease or injury incurred or aggravated while performing active duty for training (ACDUTRA), or an injury incurred or aggravated while performing inactive duty for training (INACDUTRA). 

2. An eczema disability is not attributable to service; the Appellant does not have a qualifying chronic disability; and eczema did not result from disease or injury incurred or aggravated while performing ACDUTRA, or an injury incurred or aggravated while performing INACDUTRA.

3. A menorrhagia disability is not attributable to service; the Appellant does not have a qualifying chronic disability; and menorrhagia did not result from disease or injury incurred or aggravated while performing ACDUTRA, or an injury incurred or aggravated while performing INACDUTRA. 

4. An insomnia disability is not attributable to service; the Appellant does not have a qualifying chronic disability; and insomnia did not result from disease or injury incurred or aggravated while performing ACDUTRA, or an injury incurred or aggravated while performing INACDUTRA. 

5. Type II diabetes mellitus is not attributable to service; the Appellant does not have a qualifying chronic disability; and type II diabetes mellitus did not result from disease or injury incurred or aggravated while performing ACDUTRA, or an injury incurred or aggravated while performing INACDUTRA. 

CONCLUSIONS OF LAW

1. The criteria for service connection for a disorder manifested by thyroid dysfunction are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

2. The criteria for service connection for eczema are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for menorrhagia are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

4. The criteria for service connection for insomnia are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

5. The criteria for service connection for type II diabetes mellitus are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Appellant served in the U.S. Army Reserve from August 1981 to October 2001, including ACDUTRA from January 1982 to June 1982. 

A rating decision was issued under the legacy system in November 2017 and the Appellant submitted a timely notice of disagreement. In December 2019, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The appellant opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a February 2020 VA Form 10182, Decision Review Request: Board Appeal, identifying the December 2019 SOC. Therefore, the December 2019 SOC is the decision on appeal. In the February 2020 VA Form 10182, Decision Review Request: Board Appeal, the appellant elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the December 2019 SOC. 38 C.F.R. § 20.301.

Service connection for thyroid dysfunction, eczema, menorrhagia, insomnia, and type II diabetes mellitus, is denied.

The appellant contends that thyroid dysfunction, eczema, menorrhagia, insomnia, and type II diabetes mellitus, were incurred during military service. Alternatively, the appellant contends that VA did not sympathetically read the appellant’s records, the VA examination was inadequately short, VA applied the wrong standard, VA did not fulfil its duty to assist the appellant, and the VA improperly dismissed the appellant’s lay statements.

Active Duty for Training

First, this matter involves consideration of the appellant’s status as a claimant for the period of ACDUTRA from January 1982 to June 1982. 

Generally, to qualify for VA benefits, a claimant must be a “veteran” under the law. See Dingess v. Nicholson, 19 Vet. App. 473, 484 (2006). 

Under 38 U.S.C. § 101(2) a “veteran” is defined as “a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.” The term “active military, naval, or air service” includes: (1) active duty; (2) any period of active duty training (ACDUTRA) during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty, and; (3) any period of inactive duty training (INACDUTRA) during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty. 38 U.S.C. § 101(24); 38 C.F.R. § 3.6(a); see Biggins v. Derwinski, 1 Vet. App. 474, 477-78 (1991).

ACDUTRA is defined, in part, as “full-time duty in the Armed Forces performed by reserves for training purposes.” 38 U.S.C. § 101(22); 38 C.F.R. § 3.6(c).

While service on active duty alone is enough to meet the statutory definition of veteran, service on ACDUTRA without more will not suffice. Donnellan v. Shinseki, 24 Vet. App. 167, 172 (2010). Before veteran status can be established for a such a period, it must first be established that a claimant was disabled from a disease or injury incurred or aggravated in line of duty during ACDUTRA. Acciola v. Peake, 22 Vet. App. 320, 324 (2008) (citing Mercado-Martinez v. West, 11 Vet. App. 415, 419 (1998); Paulson v. Brown, 7 Vet. App. 466, 470 (1995)). In the absence of such evidence, the period of ACDUTRA would not qualify as “active military, naval, or air service,” and the appellant would not qualify as a “veteran” for that period of ACDUTRA service alone. 38 U.S.C. § 101(2), (24); see Acciola, 22 Vet. App. at 324.

The appellant’s DD Form 214 reports that he served on ADUCTRA from January 29, 1982, to June 15, 1982. However, service on ACDUTRA, without more, will not suffice to give an individual “veteran” status. Donnellan, 24 Vet. App. at 172. During the appellant’s period of ACDUTRA, the appellant completed training as Fabric Repair Specialist. VA has not defined the term “injury” in regulations. However, the VA Office of General Counsel indicated that an injury is “harm resulting from some type of external trauma.” See VAOPGCPREC 1-2017; see also VAOPGC 6-86 (referring to injury as resulting from external trauma, i.e., application of external force or violence).

The appellant does not allege a specific injury during ACDUTRA or INACDUTRA. Instead the appellant has alleged several diseases. A review of the medical evidence of records do not show that the appellant had any complaints or treatment for these diseases during ACTDUTRA (see below). Instead, the appellant has pointed to diagnoses during the appellant’s time in the Army Reserve after ACDUTRA. Portions of this period may have been INACDUTRA, but the appellant has not shown any of the diseases were due to injury incurred or aggravated in line of duty.

Duty to Assist

Second, VA met its duty assist the appellant. VA obtained the appellant’s service treatment records (STR) along with all other relevant medical treatment records identified by the appellant. These records have been associated with the claims file. In February 2017, the appellant underwent a VA examination for Foot Conditions, Including Flatfoot (Pes Planus). This was not related conditions presently on appeal before the Board. The Board finds that VA examinations are not required in these matters as there is no credible indication that the appellant has any current disorder associated with active duty or active duty for training or inactive duty for training. 38 C.F.R. § 3.159. See also McClendon v. Nicholson, 20 Vet. App. 79 (2006); Duenas v. Principi, 18 Vet. App. 512 (2004) (a VA examination and/or opinion is warranted when there is an indication in the record that a current disability is related to military service). The appellant has not identified any outstanding evidence that could be obtained to substantiate his claims; the Board is also unaware of any such evidence.

Service Connection

Finally, service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Presumption of Service Connection

Certain chronic diseases will be presumed related to service if they were noted as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if continuity of the same symptomatology has existed since service, with no intervening cause. 38 U.S.C. §§ 1101, 1112, 1113, 1137; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2012); Fountain v. McDonald, 27 Vet. App. 258 (2015); 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a). 

The presumption of service connection only applies to periods of active duty and not to the appellant’s ACDUTRA or INACDUTRA with the Army Reserve because, by definition, the presumption of service connection applies where there is no evidence that a condition began in or was aggravated during the relevant period of service. Regarding a claimant whose claim is based solely on a period of ACDUTRA or INACDUTRA, however, there must be some evidence that the condition was incurred or aggravated during the relevant period of service. See Smith v. Shinseki, 24 Vet. App. 40, 45 (2010). Such evidence is lacking in this case (see below).

Direct Service Connection

The question for the Board is whether the appellant has a current disability that began during service or is at least as likely as not related to a qualifying in-service injury, event, or disease.

The Board concludes that, while the appellant has diagnoses of or sought treatment for thyroid dysfunction, eczema, menorrhagia, insomnia, and type II diabetes mellitus, the preponderance of the evidence is against finding that it began during active service, or is otherwise related to an in-service injury, event, or disease. 

There are no medical opinions on these issues in the medical evidence of record.

The appellant’s STRs do not show complaints or treatment for thyroid dysfunction, eczema, menorrhagia, insomnia, and type II diabetes mellitus. The appellant did not have a separation examination in June 1982. However, in an October 1985 Report of Medical History, the appellant denied any problems, including frequent trouble sleeping or thyroid trouble, stating that “ I am in good health.” An October 1985 Report of Medical Examination correspondingly showed a “normal” clinical evaluation, including skin, endocrine system, pelvic, vaginal, and psychiatric.

Moreover, the record does not show an initial diagnosis of thyroid dysfunction, eczema, menorrhagia, insomnia, and type II diabetes mellitus during ACDUTRA or any related injury during ACDUTRA or INACDUTRA. April 2003, June 2015, and October 2016 private physical examination showed a “normal with no thyromegaly.” In September 2012, the appellant denied a skin rash. October 2016 private physical examination showed “normal” skin without rashes or lesions.

Private treatment records show type II diabetes mellitus was listed as an active problem in April 2014 and menorrhagia in October 2016. However, this was decades after separation from active service. While the appellant is competent to report having experienced symptoms intermittently since active service, the appellant is not competent to provide a diagnosis in this case or determine that these symptoms were manifestations of thyroid dysfunction, eczema, menorrhagia, insomnia, and type II diabetes mellitus. The issue is medically complex. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007).

Lay Statements

The appellant believes the appellant’s thyroid dysfunction, eczema, menorrhagia, insomnia, and type II diabetes mellitus are related to an in-service injury, event, or disease. The appellant in this case is not competent to provide a nexus opinion regarding this issue. The issue is medically complex, as it requires knowledge of the interaction between multiple organ systems in the body, pathology, and interpretation of complicated diagnostic medical testing. Therefore, it is outside the competence of the appellant in this case because the record does not show that the appellant has the medical training or credentials to make such a determination. Jandreau, 492 F.3d at 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Even fully crediting the appellant’s lay statements would not mean that the appellant’s conditions qualify for service connection. Even the appellant has admitted that the medical record of evidence “may not show that the onset of my claims on my SOC were during the period my unit was called in federal service.” The Board further finds that the appellant has not alleged, and the record does not support, an injury incurred during ACDUTRA or INACDUTRA or a disease than incurred during the appellant’s ACDUTRA.

Benefit of the Doubt

The benefit of the doubt rule provides that a veteran will prevail in a case where the positive evidence is in a relative balance with the negative evidence. Therefore, the appellant prevails in a claim when: (1) the weight of the evidence supports the claim, or (2) when the evidence is in equipoise. It is only when the weight of the evidence is against the claim that the claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

For the reasons outlined above, the Board finds that the preponderance of evidence is against the appellant’s claims for service connection for thyroid dysfunction, eczema, menorrhagia, insomnia, and type II diabetes mellitus. As the preponderance of the evidence weighs against the claim, the benefit-of-the-doubt rule does not apply. 38 U.S.C. § 5107(b).

The claims are denied.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board James Hekel, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.