**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 97-280

STEPHEN L. MCMANAWAY, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges.*

**O R D E R**

On September 29, 1999, the Court issued an opinion affirming the October 24, 1996, Board of Veterans' Appeals (BVA) decision that denied as not well grounded the appellant's claims for Department of Veterans Affairs (VA) service connection for bilateral hearing loss and for residuals of a right-knee injury. *McManaway v. West*, 13 Vet.App. 60 (1999). On December 13, 1999, the appellant filed, through counsel, an appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit).

On January 23, 2001, the Federal Circuit granted the Secretary's motion for remand and remanded the case to this Court for "further proceedings consistent with the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096" (Nov. 9, 2000) (VCAA). The VCAA, inter alia, amended 38 U.S.C. § 5107(a) to eliminate the well-grounded-claim requirement. VCAA, § 4, 114 Stat. at 2098-99 (to be codified at 38 U.S.C. § 5107(a)); *see Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order). Because the Board denied the appellant's claims as not well grounded, a remand is required in order to provide the Board with an opportunity to readjudicate them under the VCAA, *see* VCAA, § 7(a)(2), 114 Stat. at 2099 (amendment to section 5107 is applicable to "any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date"); *Luyster*, *supra*, and all other applicable law and regulation, as well as to assess in the first instance the impact, if any, on those claims of the Secretary's duty to prescribe regulations under new section 5103A(e) and his discretionary authority under new section 5103A(g) to provide to a VA claimant assistance, in substantiating his or her claim, that is not required by new section 5103A. *See McCormick v. Gober*, 14 Vet.App. 39, 45 (2000) (remanding to BVA for it to address initially "questions [raised for first time to this Court that] are peculiarly within the competence of VA to address"); *see also Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (although this Court "may hear legal arguments raised for the first time with regard to a claim that is properly before the [C]ourt, it is not compelled to do so in every instance").

Hence, the Court will vacate the Board decision on appeal and remand the appellant's claims for expeditious further development and issuance of a readjudicated decision supported by an

adequate statement of reasons or bases, *see* 38 U.S.C. §§ 1131, 7104(a), (d)(1); 38 U.S.C. §§ 5103, 5103A, 5106, 5107 as amended by the VCAA; *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) -- all consistent with this order and in accordance with section 302 of the Veterans' Benefits Improvements Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or the Court), and with all applicable law and regulation. *See Allday v. Brown*, 7 Vet.App. 517, 533-34 (1995). On remand, the appellant will be free to submit additional evidence and argument on the remanded claims in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order), and all applicable law and regulation. The Court notes that a remand by this Court and by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. *See Stegall v. West*, 11 Vet.App. 268, 271 (1998). A final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant. *See Marsh v. West*, 11 Vet.App. 468, 472 (1998).

Upon consideration of the foregoing, it is

ORDERED that the Court's September 29, 1999, opinion is withdrawn. It is further

ORDERED that the October 24, 1996, BVA decision is VACATED and the appellant's claims are REMANDED to the Board for readjudication.

DATED:        February 22, 2001                              PER CURIAM.

2