Citation Nr: 1829342 
Decision Date: 05/24/18 Archive Date: 06/12/18

DOCKET NO. 10-22 081 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for osteoarthritis of the left shoulder, status post arthroplasty.

2. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for an acquired psychiatric disorder.

3. Entitlement to service connection for osteoarthritis of the right shoulder, status post arthroplasty.

4. Entitlement to service connection for osteoarthritis of the left shoulder, status post arthroplasty.

5. Entitlement to service connection for an acquired psychiatric disorder.




REPRESENTATION

Appellant represented by: Attorney, Brian L. Marlowe


ATTORNEY FOR THE BOARD

Christine E. Grossman, Associate Counsel


INTRODUCTION

The Veteran had a period of active duty for training (ACDUTRA) from September 1982 to January 1983, and he was a member of the U.S. Army Reserves until September 1999. 

These matters initially came before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in June 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. 

In his May 2010 substantive appeal (VA Form 9), the Veteran requested a personal hearing before a Decision Review Officer (DRO), sitting at the RO. The record reflects that the Veteran failed to report for his scheduled hearing. As no further communication from the Veteran with regard to a hearing has been received, the Board considers his request for a hearing to be withdrawn. See 38 C.F.R. §§ 20.702(d), (e); 20.704(d), (e) (2017). 

In August 2011, the Board reopened the claim of service connection for osteoarthritis of the right shoulder, status post arthroplasty, and then remanded that claim along with whether new and material evidence had been received to reopen the claims of service connection for osteoarthritis of the left shoulder, status post arthroplasty, and an acquired psychiatric disorder as inextricably intertwined claims. In a June 2012 supplemental statement of the case (SSOC), the Appeals Management Center (AMC) denied claim for entitlement to service connection for osteoarthritis of the right shoulder, status post arthroplasty claim, and declined to reopen the service connection for osteoarthritis of the left shoulder, status post arthroplasty and acquired psychiatric disorder claims. 

In July, August, and November 2012 the Veteran submitted additional pertinent evidence in support of his claims. 

In April 2014, the Board remanded these issues. The issues were remanded to obtain the Veteran's complete 201 files, from the National Personnel Records Center (NPRC) and his Reserve unit, the 807th Signal Company, Puerto Nuevo, Puerto Rico to determine, at a minimum, whether the Veteran was performing active duty for training or inactive duty for training on October 12, 1996. With respect to the Veteran's claim for entitlement to service connection for osteoarthritis of the right shoulder, status post arthroplasty, this issue was additionally remanded to obtain a VA examination to assess the etiology of any current right shoulder disorder. Additional military personnel records were obtained. In addition, a VA examination on the Veteran's right shoulder was held in August 2011. The Board is satisfied there was substantial compliance with its remand orders. See Dyment v. West, 13 Vet. App. 141 146 47 (1999); Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal was processed using the Veterans Benefits Management System (VBMS) and Caseflow Reader paperless claims processing systems. Accordingly, any future consideration of this Veteran's case should take into account the existence of these electronic records.

The issues of entitlement to service connection for osteoarthritis of the left shoulder, status post arthroplasty and entitlement to service connection for an acquired psychiatric disorder are addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).





FINDINGS OF FACT

1. In an August 2011 Board decision, the RO denied service connection for osteoarthritis of the left shoulder, status post arthroplasty. The Veteran was informed of that decision and his appellate rights, but he did not appeal or submit new and material evidence within one year.

 2. Evidence received since the August 2011 Board decision, by itself or in conjunction with previously considered evidence, relates to an unestablished fact necessary to substantiate the Veteran's claim for service connection for osteoarthritis of the left shoulder, status post arthroplasty.

3. In an August 2011 Board decision, the RO denied service connection for an acquired psychiatric disorder. The Veteran was informed of that decision and his appellate rights, but he did not appeal or submit new and material evidence within one year.

4. Evidence received since the August 2011 Board decision, by itself or in conjunction with previously considered evidence, relates to an unestablished fact necessary to substantiate the Veteran's claim for service connection for an acquired psychiatric disorder.

5 The Veteran's osteoarthritis of the right shoulder is not attributable to service.


CONCLUSIONS OF LAW

1. The August 2011 Board decision that denied the Veteran's claim of entitlement to service connection for osteoarthritis of the left shoulder, status post arthroplasty is final. 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103 (2017).

2. The August 2011 Board decision that denied the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder is final. 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103 (2017).

3. The evidence received since the August 2011 Board decision is new and material, and the claim of entitlement to service connection for osteoarthritis of the left shoulder, status post arthroplasty is reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156 (2017).

4. The evidence received since the August 2011 Board decision is new and material, and the claim of entitlement to service connection for an acquired psychiatric disorder is reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156 (2017).

5. The criteria to establish service connection for osteoarthritis of the right shoulder not been met. 38 U.S.C. § 1101, 1110, 1111, 1154(a), 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

New and Material Evidence

Although a decision is final, a claim will be reopened if new and material evidence is presented. 38 U.S.C. § 5108. New and material evidence can be neither cumulative, nor redundant, of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. New evidence means existing evidence not previously submitted to VA. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 38 C.F.R. § 3.156(a). 

In determining whether evidence is new and material, the credibility of the evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). The evidence need not relate specifically to the reason why the claim was last denied; rather it need only relate to any unestablished fact necessary to substantiate the claim. Shade v. Shinseki, 24 Vet. App. 110, 118 (2010). Additionally, the phrase "raises a reasonable possibility of substantiating the claim" is meant to create a low threshold that enables, rather than precludes, reopening. Id. at 117. Reopening is required when the newly submitted evidence, combined with VA assistance and considered with the other evidence of record, raises a reasonable possibility of substantiating the claim. Id. at 117.

Notwithstanding the foregoing, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. 38 C.F.R. § 3.156(c)(1) (2017). Such official service department records include, but are not limited to, records that are related to a claimed in-service event, injury, or disease, regardless of whether such records mention the Veteran by name. Such records do not include any records that VA could not have obtained when it decided the claim because the records did not exist when VA decided the claim, or because the claimant failed to provide sufficient information for VA to identify and obtain the records from the respective service department, the Joint Services Records Research Center, or from any other official source. 38 C.F.R. § 3.156(c)(2).

With respect to the Veteran's claim for service connection for osteoarthritis of the left shoulder, status post arthroplasty, since the August 2011 Board decision, the Board has received additional evidence regarding the Veteran's claim for service connection for osteoarthritis of the left shoulder, including additional military personnel records and treatment records. This evidence is new and material because it was not of record at the time of the final Board decision in August 2011, and indicates that the Veteran has a left shoulder disability. Accordingly, the Board finds this new evidence raises a reasonable possibility of substantiating the claims of entitlement to service connection for osteoarthritis of the left shoulder. See Shade, 24 Vet. App. 110.

With respect to the Veteran's claim for service connection for an acquired psychiatric disorder, since the August 2011 Board decision, the Board has received additional evidence regarding the Veteran's claim for an acquired psychiatric disorder, including additional military personnel records and treatment records. This evidence is new and material because it was not of record at the time of the final Board decision in August 2011, and indicates that the Veteran had a diagnosis of major depressive disorder. Accordingly, the Board finds this new evidence raises a reasonable possibility of substantiating the claims of entitlement to service connection for an acquired psychiatric disorder. See Shade, 24 Vet. App. 110.

Service Connection for Osteoarthritis of the Right Shoulder, Status Post Arthroplasty

Duty to Notify and Assist

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to duty to assist argument).

In sum, there is no evidence of any VA error in notifying or assisting the Veteran that reasonably affects the fairness of this adjudication. 38 C.F.R. § 3.159(c).

Service Connection 

As a threshold matter, veteran status must be established as a condition of eligibility for service connection benefits. See Bowers v. Shinseki, 26 Vet. App. 201, 206 (2013). A veteran is a person who served in the active military, naval, or air service and who was discharged or released under conditions other than dishonorable. 38 C.F.R. § 3.1 (d). The term "active military, naval, or air service" includes active duty, any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty, and any period of inactive duty for training (INACDUTRA) during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty. 38 U.S.C. § 101 (24); 38 C.F.R. §§ 3.6 (a)-(d). The fact that a claimant has established veteran status for other periods of service does not obviate the need to establish veteran status for the period of ACDUTRA or INACDUTRA on which the claim is based. Mercado-Martinez v. West, 11 Vet. App. 415, 419 (1998).

The advantage of certain evidentiary presumptions, provided by law, that assist veterans in establishing service connection for a disability do not extend to those who claim service connection based on a period of ACDUTRA or INACDUTRA. Paulson v. Brown, 7 Vet. App. 466, 470-71 (1995) (noting that the Board did not err in not applying presumptions of sound condition and aggravation to veteran's claim where he served only on ACDUTRA and had not established any service-connected disabilities from that period); McManaway v. West, 13 Vet. App. 60, 67 (1999), vacated on other grounds sub nom; McManaway v. Principi, 14 Vet. App. 275 (2001) (citing Paulson, 7 Vet. App. at 469-70, for the proposition that if a claim "relates to period of [ACDUTRA], disability must have manifested itself during that period; otherwise, period does not qualify as active military service and claimant does not achieve veteran status for purposes of that claim." (emphasis added in McManaway)); see also Biggins v. Derwinski, 1 Vet. App. 474, 479 (1991) (Steinberg, J., concurring). Thus, the evidentiary burden is on the claimant to show that he or she became disabled from an injury or disease incurred in line of duty during ACDUTRA or from an injury incurred in line of duty during INACDUTRA.

Service connection may be granted for a disability resulting from disease or injury incurred coincident with or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing direct service connection generally requires competent evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. While the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran).

The Veteran contends that he has osteoarthritis of the right shoulder, status post arthroplasty due to an injury he sustained during service in the Army Reserve. Essentially, he argues that his right shoulder disability was permanently aggravated in service during physical training, and thus, he argues that service connection is warranted for a right shoulder disorder.

Applying the elements of service connection to the Veteran's claim, first, there is evidence of a right shoulder injury. In an August 2011 VA examination, the Veteran was diagnosed with right shoulder total arthroplasty.

Second, there is evidence of an in-service incurrence. The Veteran asserts that his right shoulder injury occurred while he was in training. The Veteran submitted two lay statements to support his contention. The Veteran's first sergeant submitted a statement noting that, during the morning of October 12, 1996, the Veteran was unable to complete his training because he was having trouble with his right shoulder. After noticing that the Veteran's shoulder was out of place, the first sergeant stated that he was taken to the intensive care unit to treat his right shoulder. The Veteran submitted an additional buddy statement that attested to the Veteran experiencing right shoulder pain during training in October 12, 1996. As there is no evidence in the record that contradicts these assertions, the Board considers the Veteran's and these two buddy statements competent and credible. Therefore, the second element of service connection, evidence of an in-service incurrence, has been met.

Third, with respect to a nexus, there is no evidence in the record that supports a causal relationship, i.e., a nexus, between the right shoulder pain the Veteran claims he experienced during training and the Veteran's current right shoulder disability. In the August 2011 VA examination, the examiner opined that, after a review of the Veteran's records, it is less likely than not (less than a 50% probability) that the right shoulder disorder exhibited by the Veteran was related in whole or in part to a disease, event, or injury during a period of qualifying military service. In addition, the examiner opined that it was less likely than not (less than a 50% probability) that the Veteran underwent an aggravation of the shoulder as a result of a disease or injury or event during a period of qualifying service.

While the opinion was brief, the August 2011 VA opinion offers the most probative evidence as to the etiology of the Veteran's right shoulder disability. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning; threshold considerations are whether the person opining is suitably qualified and sufficiently informed). The rationale was sufficient and accurately portrayed the evidence and addressed the relevant facts. It is clear that the examiner reviewed the entire claims file and considered the Veteran's contentions. See Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (the fact that the rationale provided by an examiner "did not explicitly lay out the examiner's journey from the facts to a conclusion," did not render the examination inadequate); Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012) (medical reports must be read as a whole and in the context of the evidence of record). 

The Veteran asserts that he incurred his right shoulder disorder during training. While the Board has considered with sympathy the Veteran's lay statements, it cannot afford probative weight to his assertions with respect to the etiology of his right shoulder disability in this case. While the Veteran is competent to report experiences and symptoms since service, he is not competent to provide a nexus opinion regarding the nature and etiology of his disabilities. Jandreau v. Nicholson, 492 F. 3d 1372 (2007); Buchanan v. Nicholson, 451 F. 3d 1331 (Fed. Cir. 2006). The Veteran's reports of his right shoulder problems are relevant, competent, and credible; however, the question of the etiology of his disability is a complex medical finding that is limited to the purview of someone with medical knowledge and training, such as the VA examiner in this case. Thus, the Veteran's assertions of the etiology of his right shoulder disability loss are not competent evidence.

Accordingly, service connection for osteoarthritis of the right shoulder is not warranted. As the preponderance of the evidence is against the Veteran's claim, the benefit of the doubt doctrine does not apply. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

ORDER

The claim of entitlement to service connection for a left shoulder disability is reopened, and to this extent only, the appeal is granted.

The claim of entitlement to service connection for a psychiatric disorder is reopened, and to this extent only, the appeal is granted. 

Entitlement to service connection for osteoarthritis of the right shoulder, status post arthroplasty, is denied.

REMAND

The record reflects that the Veteran has not yet been afforded a VA examination in connection with his claim for service connection for osteoarthritis of the left shoulder, status post arthroplasty. Under McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006), a VA medical examination must be provided when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies; and (3) an indication that the disability or recurrent symptoms of a disability may be associated with the veteran's service or with another service-connected disability; but (4) insufficient competent medical evidence on file for the Secretary to make a decision on the claim. See 38 U.S.C. § 5103A(d)(2); 38 C.F.R. § 3.159(c)(4)(i).

The evidence of record indicates the Veteran has a left shoulder disability. For example, a December 1998 CT scan of the left shoulder indicates that the Veteran has a history of left shoulder osteoarthritis. In addition, the Veteran asserts that after basic and AIT training, he began having pain in his left shoulder. By 1996, the Veteran indicates that the pain became worse, and he started receiving medical treatment for his left shoulder. Based on this evidence, the Board finds that a VA examination is needed to determine the nature and etiology of any left shoulder disorder that may be present. See McLendon, 20 Vet. App. at 81.

Similarly, the Veteran has not been provided with a VA examination related to his claim for service connection for an acquired psychiatric disorder. The evidence of record indicates that the Veteran may have an acquired psychiatric disorder. The Veteran's service records indicate that the Veteran was evaluated in May 1999 to determine his fitness for duty, where he was diagnosed with major depressive disorder. Due to this evaluation, in September 1999, he was medically disqualified and assigned to the Retired U.S. Army Reserve. The Veteran claims he suffers from major depression and PTSD due to the shoulder injuries he incurred while in training. Absent a medical opinion on this issue, the record is insufficient for the Board to render a decision on the Veteran's claim. Accordingly, a remand is necessary to provide the Veteran with a VA examination and medical opinion. See McLendon, 20 Vet. App. at 81.

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the record any outstanding copies of the Veteran's VA treatment records, if any, associated with the claims on appeal for the rating period on appeal.

2. After completing preceding development in paragraph 1, schedule the Veteran for a VA examination in connection with his service connection claim for service connection for osteoarthritis of the left shoulder, status post arthroplasty. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. Any indicated tests and studies must be accomplished, and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided.

The Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptoms. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

First, the examiner must identify all currently diagnosed left shoulder disabilities.

For each identified left shoulder disability, the examiner must provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that such disorder manifested during service, was aggravated during service, or is otherwise related to service.

3. Then, schedule the Veteran for a VA examination to determine the nature and etiology of any psychiatric disorder that may be present. 

Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed, including PTSD sub scales. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's treatment records during service, post-service medical records, and statements.

It should be noted that the Veteran is competent to attest to factual matters of which he had first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should identify all current psychiatric disorders. He or she should specifically indicate whether the Veteran has PTSD.

For each diagnosis identified other than PTSD, the examiner should state whether it is at least as likely as not (a 50 percent or greater probability) that the disorder manifested in or is otherwise related to the Veteran's military service, including any symptomatology therein or is related to his left shoulder disability.

Regarding PTSD, the AOJ should provide the examiner with a summary of any verified in-service stressors, and the examiner must be instructed that only these events may be considered for the purpose of determining whether exposure to an in-service stressor has resulted in PTSD.

4. After completing any additional development deemed necessary, readjudicate the claims. If any benefit requested on appeal is not granted to the Veteran's satisfaction, the appellant and his representative should be furnished a supplemental statement of the case, which addresses all of the evidence obtained after the issuance of the last supplemental statement of the case, and provided an opportunity to respond. The case should then be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).






 
____________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs